STATE OF MAINE                                        SUPERIOR COURT
                                                      Civil Actions
                                                      6/21/2001

PATRICIA and STEVE BRAWN,
BARBARA and GERALD CONNELLY,
TAUMI CONOHAN,
PATRICIA FARNUM,
VICKI and DOUGLAS FORTIER,
ELIZABETH and BRUCE FOSTER,
SANDRA GODDARD,
STELLA HARRINGTON,
LISA and NEWBERN MINER,
PAUL and LISA MOLNAR,
GLORIA and RICHARD NICKERSON,
MICHELE and ROBERT SCRIBNER,
BONNIE and TIMOTHY SEAVEY,
MARY SHANE,
BARBARA TRAYNOR,
ARLINE and FREDERICK TRENHOLM,
KAHLA and EMMANUEL VARIPATIS,
SUSAN WEIR, and
JOLINE YORK
                        Plaintiffs
            vs.                                 Cumberland County
                                                Docket No. CV-99-147

ORAL SURGERY ASSOCIATES, *et als*,

                        Defendants
            and

ROBIN DUTIL and RONALD DUTIL, and
SANDRA and RONALD ELLIS,

                        Plaintiffs
            vs.                                 Kennebec County
                                                Docket No. CV-95-293
JOHN BURNS,
                        , Defendant


                    DECISION AND ORDER
        ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

# I. GENERAL BACKGROUND

Multiple plaintiffs have brought malpractice claims against the defendant Oral Surgery Associates ("OSA")[1] and against individual principals in OSA for their alleged negligent treatment of the plaintiffs. All plaintiffs (except spouses claiming only loss of consortium) are former patients of defendants OSA and were surgical recipients of TMJ implants manufactured by Vitek, Inc..

The defendants have moved for summary judgment as to negligence claims based upon the expiration of the statute of limitations,[2] and secondly, for summary judgment based on the issue of fraudulent concealment which, if established by the

---

[1] The claims by the Dutil and Ellis are against Dr. John Burns, but involve the same legal issues and are discussed and decided herein.

[2] 24 M.R.S.A. § 2902. **Statute of limitations for health care providers and health care practitioners**

Actions for professional negligence shall be commenced within 3 years after the cause of action accrues. For purposes of this section, a cause of action accrues on the date of the act or omission giving rise to the injury. . . . This section does not apply where the cause of action is based upon the leaving of a foreign object in the body, in which case the cause of action shall accrue when the plaintiff discovers or reasonably should have discovered the harm. For the purposes of this section, the term "foreign object" does not include a chemical compound, prosthetic aid or object intentionally implanted or permitted to remain in the patient's body as part of the health care or professional services.
　　　* * *
P.L. 1985, c. 804, § 13, eff. Aug. 1, 1988.

Prior to August 1, 1988 section 2902 and certain other time limiting statutes (e.g., 14 M.R.S.A. § 753, applicable to "physicians and all others engaged in the healing art. . . . " ) allowed only for a two year statute of limitations from the date that the cause of action accrued. When the longer period was enacted, the Legislature provided that a cause of action that had expired under the two year statute would not be revived but that "the statute of limitations applicable to any suit commenced on or after August 1, 1988, shall be [that]in effect when the claim is filed . . . ." P.L. 1985, c. 804, § 22.

plaintiffs would extend the normal three year period in which medical malpractice claims must be brought. [3]

The implants were manufactured using Proplast, a porous teflon based substance patented by Vitek, Inc.. Based on prior rulings by the court, the plaintiffs' sole remaining claim is for negligence. They argue that OSA breached the applicable standard of medical care in failing to adequately warn them of the dangers and side effects associated with the Vitek implants: That, 1.) OSA had an affirmative duty to monitor, warn and advise them about evolving knowledge of the increasing dangers associated with jaw implants; and, 2.) plaintiffs are entitled to an additional 6 years from discovery of the cause of action pursuant to Maine's fraudulent concealment statute. 14 M.R.S.A. § 859.

Specifically, plaintiffs allege that they were never informed of the effects of the fragmentation of implants in weight-bearing joints. It is further alleged that implant debris (the particulate form of teflon) caused various side-effects such as bone degeneration, bone resorption and giant cell reaction, all contributing to the development of long-term auto-immunological problems.

The Federal Drug Administration ("FDA") issued an Alert dated December 28, 1990 to oral surgeons regarding the safety of Proplast implants and how patients

---

[3] 14 M.R.S.A. § 859. Limitation extended in case of fraud
    If a person, liable to any action mentioned, fraudulently conceals the cause thereof from the person entitled thereto, or if a fraud is committed which entitles any person to an action, the action may be commenced at any time within 6 years after the person entitled thereto discovers that he has a just cause of action, . . .

3

who received the implants should be treated and monitored. Also, in September, 1991, the FDA issued a Public Health Advisory regarding Proplast Implants.

The several plaintiffs were treated by the defendants on many different dates and filed their initial notices of claim[4] at different times. (See Appendix A, attached hereto for a summary of dates relevant to the plaintiffs against whom the present motions are applicable.)

## II. DUTY TO WARN

OSA argues that they did not have a duty to warn of a medical risk that is alleged to have been known by plaintiffs. It is not disputed that OSA warned plaintiffs of the risk of "rejection," of the Proplast implants. However, a genuine issue of material fact exists as to whether plaintiffs were made aware of the specific auto-immunological risks and/or side effects involved with receiving the Proplast implants.[5] Plaintiffs argue that material factual issues are present demonstrating that QSA failed in their continuing duty to warn, monitor and advise plaintiffs regarding the fragmentation and efficacy of the Proplast implants.[6] Plaintiffs further

---

[4] There is no court record that plaintiff Patricia Brawn ever filed a Notice of Claim pursuant to 24 M.R.S.A. § 2853.

[5] It should be noted that plaintiffs have failed to comply with Rule 7(d)(2) in that they do not properly controvert OSA's Statement of Material Facts. Moreover, in their Opposition Memorandums to the first Motion for Summary Judgment, plaintiffs blindly argue that § 859 should be employed to extend the statute of limitations an additional six years. There is no reference to filing dates concerning the Notice of Claims or to the implantation and/or removal of the implants. Additionally, there is not an application of the elements of fraud in support of the allegation of fraudulent concealment.

[6] Dr. Estabrooks, of OSA, has served as an expert witness on behalf of Vitek, Inc. attesting to the safety of the Proplast implants.

claim that the alleged violation of the continuing duty to warn, monitor and advise plaintiffs effectively tolled the statute of limitations up to the point that litigation was commenced.

The Law Court employs a 3-prong standard in medical malpractice actions for purposes of establishing that the defendant had a duty to the plaintiff to conform to a certain standard of conduct and that a breach of that duty proximately caused the plaintiff's injury. Expert testimony is ordinarily required to establish the appropriate standard of medical care, that the defendant departed from that standard, and that the plaintiff's injury was proximately cased by the negligent conduct. *Welch v. McCarthy*, 677 A.2d 1066, 1069 (Me. 1996).

A person who undertakes to render services in the practice of a profession owes a duty to exercise that degree of skill, care and diligence exercised by members of that same profession. *Id.* at 1069. Additionally, the Law Court recognized in *Millet v. Dumais* "that the relationship between physician and patient is one of great confidence and trust, thus imposing a duty to disclose all pertinent facts to the patient . . . and that the fraudulent concealment contemplated by Title 14 M.R.S.A. §859 is the failure to disclose specific acts, which, if known, might give rise to a cause of action for malpractice." *Millet v. Dumais*, 365 A.2d 1038, 1041 (Me. 1976).

Here, plaintiffs two experts, Ronald Green and Dr. David Keith, collectively set forth the appropriate standard of medical care, that OSA owed a duty to plaintiffs to disclose specific auto-immunological side effects to plaintiffs, and that OSA's breach was the proximate cause of plaintiffs' injuries. There is a material issue of

5

fact regarding whether OSA breached the required professional standard of care by failing to adequately warn, monitor and advise plaintiffs with respect to the safety risks associated with the Proplast implants. Ordinarily this would defeat a request for summary judgment. However, if plaintiffs' actions were not timely initiated, their claims fail regardless of the factual issues.

## III. STATUTE OF LIMITATIONS

For purposes of computing the statute of limitations in accordance with Title 24 M.R.S.A. § 2902, the court has used the date of implantation as the date of accrual of plaintiffs' cause of action. Under section 2902 a cause of action accrues on the date of the act or omission giving rise to the injury. Since the Proplast implants are prosthetic aids, plaintiffs do not receive the benefit of the discovery rule concerning foreign objects left in the body. *Id.* Also, plaintiffs allege that they were not adequately warned by any implied consent form regarding the possibility of fragmentation of the implants prior to surgery; therefore, any cause of action for medical malpractice would have accrued on the date of each plaintiff's respective implant surgery, in the absence of a continuous treatment rule. This makes all of plaintiffs' negligence claims barred by the three year statute of limitations.

## IV. FRAUDULENT CONCEALMENT

In order for the plaintiffs to claim the benefit of Title 14 M.R.S.A. §859, a plaintiff must establish either: 1.) that defendants actively concealed material facts from her and that she relied on their acts and statements to her detriment; or, 2.) that a special relationship existed between the parties that imposed a duty to disclose

6

the cause of action and the failure of the defendant to honor that duty. *Harkness v. Fitzgerald*, 1997 ME 207, ¶ 6, 701 A.2d 370. The elements of fraud are: 1.) the making of a false representation; 2.) of a material fact; 3.) with knowledge of its falsity or in reckless disregard of whether it is true or false; 4.) for the purposes of inducing another to act upon it; and 5.) justifiable and detrimental reliance by the other. *Id.* at ¶ 7.

Here, the existence of the doctor-patient relationship permits plaintiffs' claims to come under the purview of section 859. To withstand summary judgment, however, plaintiffs must generate a genuine issue of material fact that OSA had actual knowledge of the effects of the fragmentation of the Proplast implants and that OSA intended to conceal the various safety hazards associated with their use. Plaintiffs allege that OSA had a pecuniary interest in Proplast implants that was the motivation behind fraudulently concealing plaintiffs' cause of action.

To resist a motion for summary judgment a plaintiff must establish a prima facie case for each element of his cause of action. *Corey v. Norman, Hanson, and DeTroy*, 1999 ME 196, ¶9, 742 A.2d 933, 938. In determining whether to grant or deny a motion for summary judgment, the trial court is to consider only the portions of the record referred to and the material facts set forth in the Rule 7(d) statements. The statement of material facts requirement of Rule 7(d) is designed to force litigants to narrowly frame their summary judgment contentions, enabling the court to decide a summary judgment motion without engaging in an exhaustive review of the record. *Id.* at ¶ 8, 742 A.2d at 938.

In their opposition to OSA's Partial Motion for Summary Judgment, plaintiffs fail to adequately controvert the material fact that OSA intended to induce the reliance of plaintiffs in receiving the Proplast implants. OSA did notify and/or attempt to notify plaintiffs concerning their condition and the Proplast implants. Plaintiffs fail to show in the record before the court that OSA intended to induce the reliance of plaintiffs just because they testified to their beliefs in the success and quality of the Proplast implant and authored an article supporting the product. Moreover, plaintiffs' contentions that OSA had a relationship with Dr. Homsey, the former President of Vitek, Inc. and that Dr. Estabrooks was an expert witness and testified on behalf of the safety of the Proplast implants are not sufficient to establish a *prima facie* case of fraudulent concealment. It wasn't until 1990 that the FDA issued a precautionary alert to oral surgeons concerning the Proplast implants. If anything, the record points to controversy surrounding the safety of the implants, but does not establish that OSA knew that the implants were unsafe to use at the time plaintiffs received the implants. Therefore, plaintiffs fail to establish intent on behalf of OSA to fraudulently conceal plaintiffs' cause of action. Because the plaintiffs cannot obtain the benefit of the longer period under section 859 the court must grant defendants' motions for summary judgment.

## V. DECISION

The clerk will make the following entries as the Orders of the court:

A.  The defendants' motions for summary judgment are granted.

B.  Summary judgment is entered against the following plaintiffs:

1. <u>Cumberland County</u> (CV-99-147): Patricia Brawn and Steve Brawn, Barbara Connelly and Gerald Connelly, Taumi Conohan, Patricia Farnum, Vicki Fortier and Douglas Fortier, Elizabeth Foster and Bruce Foster, Sandra Goddard, Stella Harrington, Lisa Miner and Newbern Miner, Paul Molnar and Lisa Molnar, Gloria Nickerson and Richard Nickerson, Michele Scribner and Robert Scribner, Bonnie Seavey and Timothy Seavey, Mary Shane, Barbara Traynor, Arline Trenholm and Frederick Trenholm, Kahla Varipatis and Emmanuel Varipatis, Susan Weir, and Joline York; and,

2. <u>Kennebec County</u> (CV-95-293): Robin Dutil and Sandra Ellis.[7]

C. Pursuant to M.R.Civ.P. 54(a), the court finds that there is no just reason for delay and directs the clerk to this Decision and Order as a final judgment as to all the parties named above.

D. No costs are awarded to any party pursuant to statute or rule.

SO ORDERED.

Dated: June 20 2001

Thomas E. Delahanty II
Justice, Superior Court

---

[7] Although the claims of Dutil and Ellis are against a different doctor, they are still barred by the statute of limitations because of the dates of the implant procedures.

9

## APPENDIX - A

| PLAINTIFF | IMPLANT DATE | NOTICE OF CLAIM DATE | REMOVAL DATE | S.O.L. | MOTION |
|---|---|---|---|---|---|
| BRAWN | 5/14/85 | 8/20/98 -not filed with court | 10/2/95 | Expired | N & FC |
| CONNELLY | 12/20/83 | 5/3/93 | 4/26/93 | Expired | FC |
| CONOHAN | 3/15/84 | 5/3/93 | 10/26/93 | Expired | FC |
| DUTIL | 6/27/84 | 7/10/95 | 3/3/92 | Expired | N |
| ELLIS | 7/17/85 & 10/8/85 (L-replaced) | 7/31/95 | N/A | Expired | N |
| FARNUM | 3/20/85 | 2/10/94 | 1/30/95 | Expired | FC |
| FORTIER | 12/6/84 | 6/19/95 | 4/26/89 | Expired | N &FC |
| FOSTER | 3/16/88 | 5/12/94 | 12/23/92 | Expired | FC |
| GODDARD | 8/16/83 (L) and 3/19/91 (L-vitallium fossa) | 4/30/93 | 5/2/90 | Expired | FC |
| HARRINGTON | 1/14/87 | 5/24/95 | 7/30/87 | Expired | N& FC |
| MINER | 4/5/83 | 5/3/93 | 11/12/92 (Temp. Replace) and/or N/A | Expired | FC |
| MOLNAR | 2/27/86 (B) & 4/8/93 (L metal fossa) | 3/11/98 | 1/7/92 (B) & 1/9/97 (L) | Expired | N & FC |
| NICKERSON | 3/7/85 | 2/10/94 | 5/19/94 | Expired | FC |
| SCRIBNER | 2/25/86 | 8/5/94 | 2/26/98 | Expired | FC |
| SEAVEY | 2/25/85 | 5/3/93 | 5/13/92 | Expired | FC |

| | | | | | |
|---|---|---|---|---|---|
| SHANE | 10/13/83 | 12/10/97 | | Expired | FC |
| TRAYNOR | 12/12/85 | 9/16/94 | 5/26/94 | Expired | FC |
| TRENHOLM | 11/20/84 | 5/3/93 | 1/31/86 | Expired | N & FC |
| VARIPATIS | 12/6/83 | 6/19/95 | 6/17/92 | Expired | FC |
| WEIR | 8/29/85 (R) & 7/1/86 (L) | 2/10/94 | N/A | Expired | N & FC |
| YORK | 12/30/86 | 12/10/97 | 2/11/93 | Expired | FC |
| | | | | | |

8    The dates listed in the Appendix are based on information furnished by defendants with their motions.  The plaintiffs did not submit contradictory dates as to when the plaintiffs received the Proplast implants and/or had them removed.

Dates for the notice sof claim were determined from court records.

Date Filed ___02-09-99___  ___CUMBERLAND___  Docket No. ___CV-99-147___

County

Action ___PERSONAL INJURY___

| | | |
|---|---|---|
| PATRICIA AND STEVE BRAWN | PAUL AND LISA MOLNAR | SUSAN WEIR |
| BARBARA AND GERALD CONNELLY | GLORIA AND RICHARD NICKERSON | JOLINE YORK |
| TAUMI CONOHAN | MICHELE AND ROBERT SCRIBNER | VS. |
| PATRICIA FARNUM | BONNIE AND TIMOTHY SEAVEY | ORAL SURGERY ASSOC.P. |
| VICKI AND DOUGLAS FORTIER | MARY SHANE | LEWIS N ESTABROOKS D; |
| ELIZABETH AND BRUCE FOSTER | BARBARA TRAYNOR | CARLTON E. FAIRBANKS |
| SANDRA GODDARD; STELLA HARRINGTON | ARLINE AND FREDERICK TRENHOLM | DMD |
| LISA AND NEWBERN MINER | KAHLA AND EMMANUEL VARIPATIS | RUSSELL J. COLLETT D |
| | | DAVID J. MOYER DDS, |

Plaintiff's Attorney
PHILIP MANCINI, ESQ. 236-8538
247 COMMERCIAL STREET
ROCKPORT, MAINE  04856-5964

CHARLES H. ABBOTT, ESQ.
JAMES E. BELLEAU, ESQ.
P.O. BOX 3200
AUBURN, MAINE
04212-3200  (ALL)
784-3200

Defendant's Attorney
JEFFREY EDWARDS, ESQ. (ALL)
PO. BOX 9546  W/D
PORTLAND, MAINE  04112 791-3000

CHRISTOPHER D. NYHAN, ESQ. (ALL)
ESQ. BOX 11410  W/D
PORTLAND, MAINE  04104-7410
791-3111
CRAIG FONTAINE ESQ (all Except York/Shane)
700 Capitol Place 21 Oak Street
Hartford, CT 06106-8000
860-493-5726

Date of
Entry

STATE OF MAINE                                    SUPERIOR COURT
                                                  Civil Actions


PATRICIA and STEVE BRAWN,
VICKI and DOUGLAS FORTIER,
PAUL and LISA MOLNAR,
ARLINE and FREDERICK TRENHOLM,
and SUSAN WEIR,
                        Plaintiffs

            vs.                                   Cumberland County
                                                  Docket No. CV-99-147


ORAL SURGERY ASSOCIATES, *et als*,

                        Defendants


            and


ROBIN DUTIL and RONALD DUTIL, and
SANDRA and RONALD ELLIS,


                        Plaintiffs

            vs.                                   Kennebec County
                                                  Docket No. CV-95-293
JOHN BURNS,

                        Defendant


                    DECISION AND ORDER
        ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
                  (Re: Statute of Limitations) 1

---

1 The court's decision on issues of fraudulent concealment is contained in a separate written
decision.

# I. GENERAL BACKGROUND

Multiple plaintiffs[2] have brought malpractice claims against the defendant

Oral Surgery Associates ("OSA")[3] and against individual principals in OSA for their

alleged negligent treatment of the plaintiffs. All plaintiffs (except spouses claiming

only loss of consortium) are former patients of defendants Oral Surgery Associates

(OSA) and were surgical recipients of TMJ implants manufactured by Vitek, Inc..

The defendants have moved for summary judgment as to negligence claims

based upon the expiration of the statute of limitations.[4]

---

[2] The present Order pertains only to those plaintiffs listed in the heading. This Decision and Order is intended as a supplement to the separate Decision and Order of June 20, 2001 which pertains to these plaintiffs as well as others.

[3] The claims by the Dutil and Ellis are against Dr. John Burns, but involve the same legal issues and are discussed and decided herein.

[4] 24 M.R.S.A. § 2902. **Statute of limitations for health care providers and health care practitioners**

Actions for professional negligence shall be commenced within 3 years after the cause of action accrues. For purposes of this section, a cause of action accrues on the date of the act or omission giving rise to the injury. . . . This section does not apply where the cause of action is based upon the leaving of a foreign object in the body, in which case the cause of action shall accrue when the plaintiff discovers or reasonably should have discovered the harm. For the purposes of this section, the term "foreign object" does not include a chemical compound, prosthetic aid or object intentionally implanted or permitted to remain in the patient's body as part of the health care or professional services.
　　　* * *

P.L. 1985, c. 804, § 13, eff. Aug. 1, 1988.

Prior to August 1, 1988 section 2902 and certain other time limiting statutes (e.g., 14 M.R.S.A. § 753, applicable to "physicians and all others engaged in the healing art. . . . " ) allowed only for a two year statute of limitations from the date that the cause of action accrued. When the longer period was enacted, the Legislature provided that a cause of action that had expired under the two year statute would not be revived but that "the statute of limitations applicable to any suit commenced on or after August 1, 1988, shall be [that] in effect when the claim is filed . . . ." P.L. 1985, c. 804, § 22.

2

The implants were manufactured using Proplast, a porous teflon based substance patented by Vitek, Inc.. Based on prior rulings by the court, the plaintiffs' sole remaining claim is for negligence. Plaintiffs claim that OSA breached the applicable standard of medical care by failing to adequately warn them of the dangers and side effects associated with the Vitek implants: That is, OSA had an affirmative duty to monitor, warn and advise them about evolving knowledge of the increasing dangers associated with jaw implants.

The Federal Drug Administration ("FDA") issued an Alert dated December 28, 1990 to oral surgeons regarding the safety of Proplast implants and how patients who received the implants should be treated and monitored. Also, in September, 1991, the FDA issued a Public Health Advisory regarding Proplast Implants.

The several plaintiffs were treated by the defendants on many different dates and filed their initial notices of claim at different times.

## II. DUTY TO WARN

OSA argues that they did not have a duty to warn of a medical risk that is alleged to have been known by plaintiffs. It is not disputed that OSA warned plaintiffs of the risk of "rejection," of the Proplast implants. However, a genuine issue of material fact exists as to whether plaintiffs were made aware of the specific auto-immunological risks and/or side effects involved with receiving the Proplast implants.[5] Plaintiffs argue that material factual issues are present demonstrating

---

[5] It should be noted that despite the unusually long Statement of Material Facts submitted by plaintiffs, they have failed to comply with Rule 7(d)(2) in that they do not properly directly controverted OSA's Statement of Material Facts. Their own statement in opposition contains many facts not relevant to the present issues.

3

that OSA failed in their continuing duty to warn, monitor and advise plaintiffs regarding the fragmentation and efficacy of the Proplast implants.[6] Plaintiffs further claim that the alleged violation of the continuing duty to warn, monitor and advise plaintiffs effectively tolled the statute of limitations up to the point that litigation was commenced.

The Law Court employs a 3-prong standard in medical malpractice actions for purposes of establishing that the defendant had a duty to the plaintiff to conform to a certain standard of conduct and that a breach of that duty proximately caused the plaintiff's injury. Expert testimony is ordinarily required to establish the appropriate standard of medical care, that the defendant departed from that standard, and that the plaintiff's injury was proximately cased by the negligent conduct. *Welch v. McCarthy*, 677 A.2d 1066, 1069 (Me. 1996).

A person who undertakes to render services in the practice of a profession owes a duty to exercise that degree of skill, care and diligence exercised by members of that same profession. *Id.* at 1069. Additionally, the Law Court recognized in *Millet v. Dumais* "that the relationship between physician and patient is one of great confidence and trust, thus imposing a duty to disclose all pertinent facts to the patient . . . ." *Millet v. Dumais*, 365 A.2d 1038, 1041 (Me. 1976).

---

[6]     Dr. Estabrooks, of OSA, has served as an expert witness on behalf of Vitek, Inc. attesting to the safety of the Proplast implants.

4

## III. STATUTE OF LIMITATIONS

For purposes of computing the statute of limitations in accordance with Title 24 M.R.S.A. § 2902, the court looks at the date of implantation as the date of accrual of plaintiffs' cause of action. Under section 2902 a cause of action accrues on the date of the act or omission giving rise to the injury. Since the Proplast implants are prosthetic aids, plaintiffs do not receive the benefit of the discovery rule concerning foreign objects left in the body. But plaintiffs claim a continuing duty on the part of defendants and the court agrees. *See,Welch v. McCarthy*, 677 A.2d 1066, 1069 (Me. 1996); however, the duty to warn or disclose problems expires when the claimant becomes aware of a problem. *Hatch v. Maine Tank Co., Inc.*, 666 A.2d 90, 93 (Me. 1995 ( (No duty to warn of a danger that is obvious and apparent) and Lorfano *v. Dura Stone Steps, Inc., et al.*, 569 A.2d 195, 197.

The defendants have alleged in their several Statements of Material Facts that after the implant procedures were completed, the plaintiffs were informed by defendants that problems had developed with Vitek implants and that the FDA had issued warnings directly to the plaintiffs. At various times the plaintiffs began experiencing problems of their own. It is from this time that the court applies the applicable statute of limitations to each plaintiff on an individual basis.

## IV. INDIVIDUAL PLAINTIFFS

### A. Patricia Brawn:

Implant surgery was performed on Patricia Brawn on May 14, 1985. In the late 1980's she received a letter from Dr. Estabrooks that problems had developed with

the Vitek implant and she also received similar information from the FDA after Dr. Estabrooks letter. (Defendant. SMF ¶ 3). In 1990 or 1991 she began to experience problems of tenderness, swelling and pain and believed that the implants were causing the problems. (Defendant. SMF ¶ 4). In March, 1995 she was examined by Dr. M. A. Lawrence, D.D.S., who concluded that her problems were associated with the implants. (Defendant. SMF ¶ 5). Apparently a Notice of Claim was generated on behalf of Patricia Brawn on or about August 28, 1995 for a professional negligence malpractice action but was never filed with the court until July 25, 2000, well beyond the time required by 24 M.R.S.A. § 2853 (1)(A). Timely filing of the Notice of Claim is a jurisdictional predicate to maintaining the present action.

The plaintiffs have not directly controverted the defendant's statements as required. The court therefore accepts the defendants' statements as admitted. M.R. Civ. P. 7(d)(2). *See Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, 742 A.2d 933.

The plaintiffs only asserted that Dr. Estabrooks did not tell Ms. Brawn that the implant could fragment, discuss the problems in detail and did not advise her to undergo certain treatments or procedures. (Pl. SMF ¶¶ 9, 10 and 13). They do not address the issue that Ms. Brawn had knowledge of the problems.

By applying the three year statute of limitations to the 1980's, 1990- 1991 or March, 1995, the plaintiff did not initiate either her Notice of Claim or this action within the statute of limitations. Defendants' motion must be granted.

6

## B. Robin Dutil

Implant surgery was performed on Robin Dutil on June 24, 1984. In October, 1991 she received a safety alert letter from the FDA about a recall on Vitek implants, at a time that she was having pain. (Def. SMF ¶ 2). At about the same time she was personally advised of implant problems by Dr. Burns who recommended that the implants be removed. (Def. SMF ¶ 4). The removal was done in March, 1992. (Def. SMF ¶ 7). She began to investigate products liability claims against other defendants in 1992 (Def. SMF ¶ 6), and in 1995 brought a products liability claim against Dr. Burns on January 19, 1995 which claim was subsequently dismissed. (Def. SMF ¶ 8). Her Notice of Claim for the present action was filed July 10, 1995

The plaintiffs have not directly controverted the defendant's material facts as required. The court therefore accepts the defendants' statements as admitted. M.R. Civ. P. 7(d)(2). *See Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, 742 A.2d 933.

The plaintiffs only asserted that Dr. Burns did not tell Ms. Dutil that the implant could fragment, discuss the problems in detail nor that he advised her to undergo certain treatments or procedures elsewhere. (Pl. SMF ¶¶ 9, 10 and 13). The plaintiffs' Statement of Material Facts ignores Ms. Dutil's own knowledge of the circumstances and the fact that she underwent a removal of the implants.

By applying the three year statute of limitations to the period 1990 through 1992, when it is more than clear that she was aware of the problem with the implants, or even to March, 1995, when she had certain knowledge of the product defects and resulting problems, the plaintiff did not initiate either her Notice of

7

Claim or this complaint within the statute of limitations. Defendants' motion must be granted.

## C. Sandra Ellis

Implant surgery was performed on Sandra Ellis on July 17-A M.R.S.A. §-A M.R.S.A. §-A M.R.S.A. § and October 8, 1985. In October, 1991 she received a safety alert letter from the FDA about a recall on Vitek implants. (Def. SMF ¶ 2). Shortly afterwards, in early November, 1991, she was advised by letter from Dr. Burns of implant problems. (Def. SMF ¶ 4). Tomograms were then taken which revealed bone degeneration causing her to believe that the implants were at fault. (Def. SMF ¶ 5). In 1992 she began to investigate products liability claims against other defendants (Def. SMF ¶ 6), and in 1995 brought a products liability claim against Dr. Burns which claim was subsequently dismissed. (Def. SMF ¶ 8). Her Notice of Claim for the present action was filed July 31, 1995.

The plaintiffs have not directly controverted the defendant's material facts as required. The court therefore accepts the defendants' statements as admitted. M.R. Civ. P. 7(d)(2). *See Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, 742 A.2d 933.

The plaintiffs only asserted that Dr. Burns did not tell Ms. Ellis that the implant could fragment, discuss the problems in detail nor that he advised her to undergo certain treatments or procedures elsewhere. (Pl. SMF ¶¶ 9, 10 and 13). The plaintiffs' Statement of Material Facts ignores Ms. Ellis' own knowledge of the circumstances and the fact that she pursued other claims for the same condition and problems that form the basis of this action.

8

By applying the three year statute of limitations to the period 1990 through 1992, when it is more than clear that she was aware of the problem with the implants, the plaintiff did not initiate either her Notice of Claim or this complaint within the statute of limitations. Defendants' motion must be granted.

**D. Vickie Fortier**

Implant surgery was performed on Vickie Fortier on December 6, 1984. In early 1989 Ms. Fortier was experiencing pain in her TMJ and felt it may be related to the Vitek implant. She consulted with Dr. Estabrooks and was told that the implant may be breaking down. (Def. SMF ¶ 2). The implants were removed on April 26, 1989. (Def. SMF ¶ 3). Later in 1989 Dr. Estabrooks informed Ms. Fortier that the Vitek implants had been taken off the market. (Def. SMF ¶ 4). In March, 1991 she received notification from the FDA about the high failure rate of the implants leading to injuries of patients. (Def. SMF ¶ 5).

Shortly afterwards pursued products liability claims against another defendant and actually received a settlement. (Def. SMF ¶ 6). Her Notice of Claim for the present action was filed June 19, 1995

The plaintiffs have not directly controverted the defendant's material facts as required. The court therefore accepts the defendants' statements as admitted. M.R. Civ. P. 7(d)(2). *See Corey v. Norman, Hanson & DeTroy,* 1999 ME 196, 742 A.2d 933.

The plaintiffs only asserted that Dr. Fairbanks did not tell Ms. Fortier that the implant could fragment, discuss the problems in detail nor that he advised her to undergo certain treatments or procedures elsewhere. (Pl. SMF ¶¶ 9, 10 and 13). The

plaintiffs' Statement of Material Facts ignores Ms. Fortier's own knowledge of the circumstances and the fact that she underwent a removal of the implants and made other claims based on problems caused by the implants.

**E. Paul Molnar**

Implant surgery was performed on Paul Molnar on February 27, 1986 and April 8, 1993. In the summer of 1991 he received a notice from the FDA that the some TMJ Implants were breaking down and causing health problems to recipients. (Def. SMF ¶ 2). Mr. Molnar discussed the FDA warning with Dr. Fairbanks and a decision was made to remove the implants which was done in January, 1992. (Def. SMF ¶¶ 3,4 and 5). Mr. Molnar's Notice of Claim was not filed until March 11, 1998.

The plaintiff has not directly controverted the defendants' statements as required. The court therefore accepts the defendants' statements as admitted. M.R. Civ. P. 7(d)(2). *See Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, 742 A.2d 933.

The plaintiffs only asserted that Dr. Fairbanks did not tell Mr. Molnar that the implant could fragment, discuss the problems in detail and did not advise him to undergo certain treatments or procedures. (Pl. SMF ¶¶ 9, 10 and 13). They do not address the issue that Mr. Molnar had knowledge of the problems beginning in 1991.

By applying the three year statute of limitations to the period of 1991 to early 1992, the plaintiff did not initiate either his Notice of Claim or this action within the statute of limitations. Defendants' motion must be grant

## E. Arline Trenholm

Implant surgery was performed on Arline Trenholm on November 20, 1984. Ms. Trenholm is a nurse and was aware that her body might reject the implant. (Def. SMF ¶ 2). On January 31, 1986 her implant was removed. (Def. SMF ¶ 3). Prior to May, 1990 she received a notice from the FDA that there were problems with some Vitek implants. At some point she also received a letter from the OSA defendants, but she was a;ready aware of the problems attributed to the Vitek implants. Ms. Trenholm's Notice of Claim was not filed until May 3, 1993.

The plaintiff has not directly controverted the defendants' statements as required. The court therefore accepts the defendants' statements as admitted. M.R. Civ. P. 7(d)(2). *See Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, 742 A.2d 933.

The plaintiffs only asserted that Dr. Fairbanks did not tell Ms. Trenholm that the implant could fragment, discuss the problems in detail and did not advise her to undergo certain treatments or procedures. (Pl. SMF ¶¶ 9, 10 and 13). They do not address the issue that Mr. Molnar had knowledge of the problems as early as 1986 when the implants were removed.

By applying the three year statute of limitations to the period from 1986 through 1991, the plaintiff did not initiate either her Notice of Claim or this action within the statute of limitations. Defendants' motion must be granted.

## F. Susan Weir

Implant surgery was performed on Susan Weir on August 29, 1985 and July 1, 1986. Prior to the implant surgery the risk of rejection was explained to Ms. Weir

and she elected to proceed. (Def. SMF ¶¶ 2 and 3). In late 1989 she received notification from the FDA about defects with the Vitek implants. (Def. SMF ¶ 4). From receipt of the FDA notice through 1993 when she retained legal counsel, Ms. Weir did not seek medical attention or advice concerning her jaw of the implant. (Def. SMF ¶ 5). Her implants have not been removed. (Def. SMF ¶ 6). Her Notice of Claim in this case was filed on February 10, 1994.

The plaintiffs have not directly controverted the defendant's material facts as required. The court therefore accepts the defendants' statements as admitted. M.R. Civ. P. 7(d)(2). *See Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, 742 A.2d 933.

The plaintiffs only asserted that Dr. Fairbanks did not tell Ms. Fortier that the implant could fragment, discuss the problems in detail nor that he advised her to undergo certain treatments or procedures elsewhere. (Pl. SMF ¶¶ 9, 10 and 13). The plaintiffs' Statement of Material Facts ignores Ms. Weir's own knowledge of the circumstances from the time that she received the FDA notice. The defendants' motion must be granted.

## V. DECISION

The clerk will make the following entries as the Orders of the court:

A. The defendants' motions for summary judgment are granted.

B. Summary judgment is entered against the following plaintiffs:

> 1. <u>Cumberland County (CV-99-147)</u>: Patricia Brawn and Steve Brawn, Vicki Fortier and Douglas Fortier, Paul Molnar and Lisa Molnar, Arline Trenholm and Frederick Trenholm, Susan Weir; and,

2. <u>Kennebec County</u> (CV-95-293): Robin Dutil and Sandra Ellis.[7]

C. This Order is subject to the court's decision on the Motions for Summary Judgment based on plaintiffs' claims of fraudulent concealment which is decided separately.

C. Pursuant to M.R.Civ.P. 54(a), the court finds that there is no just reason for delay and directs the clerk to this Decision and Order as a final judgment as to all the parties named above.

D. No costs are awarded to any party pursuant to statute or rule.

SO ORDERED.

Dated: _June 21, 2001_

Thomas E. Delahanty II
Justice, Superior Court

---

[7] Although the claims of Dutil and Ellis are against a different doctor, they are still barred by the statute of limitations because of the dates of the implant procedures.

13

Date Filed 02-09-99  CUMBERLAND  Docket No. CV-99-147

County

Action PERSONAL INJURY

PATRICIA AND STEVE BRAWN- SJ    SJ-PAUL AND LISA MOLNAR -SJ    SUSAN WEIR -SJ
BARBARA AND GERALD CONNELLY-SJ  SJ-GLORIA AND RICHARD NICKERSON  JOLINE YORK -SJ
TAUMI CONOHAN  -SJ              SJ-MICHELE AND ROBERT SCRIBNER          VS.
PATRICIA FARNUM -SJ            SJ-BONNIE AND TIMOTHY SEAVEY     ORAL SURGERY ASSOC.PA
VICKI AND DOUGLAS FORTIER -SJ  SJ-MARY SHANE                    LEWIS N ESTABROOKS DMD
ELIZABETH AND BRUCE FOSTER -SJ SJ-BARBARA TRAYNOR               CARLTON E. FAIRBANKS
SANDRA GODDARD;STELLA HARRINGTON-SJSJ-ARLINE AND FREDERICK TRENHOLM            DMD
LISA AND NEWBERN MINER -SJ     SJ-KAHLA AND EMMANUEL VARIPATIS  RUSSELL J. COLLETT DDS
                               vs.                              DAVID J. MOYER DDS, MD

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PHILIP MANCINI, ESQ. 236-8538 | JEFFREY EDWARDS, ESQ. (ALL) |
| 247 COMMERCIAL STREET | PO. BOX 9546 W/D |
| ROCKPORT, MAINE 04856-5964 | PORTLAND, MAINE 04112-791-3000 |

CHARLES H. ABBOTT,ESQ.
JAMES E. BELLEAU, ESQ.
P.O. BOX 3200
AUBURN, MAINE
04212-3200 (ALL)
784-3200

CHRISTOPHER D. NYHAN, ESQ. (ALL)
PO. BOX 11410 W/D
PORTLAND, MAINE 04104-7410
791-3111
CRAIG FONTAINE ESQ (all Except York/Shane)
700 Capitol Place 21 Oak Street
Hartford, CT 06106-8000
860-493-5726

| Date of Entry | |
|---|---|
| 1999 | Received 02-09-99: |

STATE OF MAINE
CUMBERLAND, SS.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2004 MAY 28 A 7: 51

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-147

TED - CUM - 5/28/2004

PATRICIA BRAWN, *et als.*,

     Plaintiffs

  v.

ORAL SURGERY ASSOCIATES, P.A., *et als.*,

     Defendants

**DECISION AND ORDER
ON SUMMARY JUDGMENT**

DONALD

JUN 8 2004

Subsequent to the Law Court's decision[1] on prior Orders for summary judgment of this court, several of the defendants have filed additional motions as to eight of the plaintiffs.

In that decision, the Law Court held, *inter alia*; that the cause of action for breach of duty to warn accrued on the date of surgery; that the alleged fraudulent concealment did not extend the statute of limitations; that the cause of action for failure to warn of risks associated with leaving implants in place accrued when patients learned of risks associated with implants; and that the defendants' duty to warn ceased when the patient learned of the risk associated with the implants.

The present motions by the defendants are discussed separately.

## I. SONJA JORDAN v. DANIEL McCARTHY, D.D.S.

**A. Notice of Claim**

Defendant McCarthy moves for summary judgment on the remaining claims (Count III) for negligence and fraudulent concealment of his negligence.[2]

---

[1] *See Brawn v. Oral Surgery Assoc.*, 2003 ME 11, 819 A.2d 1014: Affirmed in part and vacated and remanded in part.

It is agreed (Pl. SMF #1) that the defendant performed oral surgery on Sonja Jordan on January 19, 1987, and that her Notice of Claim, 24 M.R.S.A. § 2853(1), was filed April 24, 1995.

To initiate an action for professional negligence, the claimant is required to serve a written notice of claim on the person accused of professional negligence. 24 M.R.S.A. § 2903. The notice must set forth, "under oath, the professional negligence alleged and the nature and circumstances of the injuries and damages alleged . . . ." 24 M.R.S.A. § 2853

The essential part of Sonja Jordan's Notice of Claim alleges

8. You, Dr. McCarthy, were negligent in that you failed to inform me of the well published documented medical complications of implants, failed to identify the manufacturer of the implant and in fact misrepresented the identity of the manufacturer, and failed to diagnose me, and to take curative action on my behalf.

9. Further, you were negligent initially in recommending insertion of the implants in 1987. You were negligent in your performance of the surgery.

Notice of Claim, April 24, 2004, ¶¶ 8 & 9.

The plaintiff claims that there are genuine issues of fact, sufficient to defeat summary judgment; however, given that the notice of claim is a mandatory prerequisite to commencing an action for medical professional negligence, the sufficiency of the notice is an issue of law.

Because the surgery and implant that is the subject of this action occurred in 1987, plaintiff's case is barred by the three-year statute of limitations, 14 M.R.S.A. § 2902, unless the plaintiff demonstrates that the defendant fraudulently concealed known implant problems, thus, fraudulent concealment is a required element of

---

[2] Other claims for product liability, breach of warranty and loss of consortium have been previously dismissed.

plaintiff's claim. *See* 14 M.R.S.A. § 859 (extends statute of limitations up to six years when fraudulent concealment is present).

In *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, 711 A.2d 842, the Law Court repeated the established rule that allegations of professional negligence "requir only ordinary notice-pleading" which means "that a defendant be provided with fair notice of the claim against him, and is sufficiently performed by a rather generalized statement." *Id.* ¶ 17, 711 A.2d at 847 (citations omitted). Claims of negligent infliction of emotional distress were deemed sufficient, but not so to support claims of invasion of privacy and battery which require proof of separate elements. *Id.* ¶ 18, 711 A.2d at 848.

Jordan's Notice of Claim alleges negligence from a failure to inform and not a concealment, willful or otherwise, of known information. As tt affirmative acts of the defendant, the plaintiff, at most, has alleged a misrepresentation of the identity of the manufacturer. The nature of the claim is based on defendant's actions. The identity of the manufacturer of a defective implant is, therefore, not material.

M.R. Civ. P. 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In *James v. MacDonald*, 1998 ME 148, 712 A.2d 1054, however, the Law Court found that even though the complaint for interference with an advantageous relationship did not allege details of the fraud, it was sufficient to put defendants on notice because proof of the tort requires a showing of fraud or intimidation. *Id.* ¶ 8, 712 A.2d at 1057. Fraudulent concealment, as now claimed against Dr. McCarthy, is not a necessary element of negligence and failure to warn, but it is an additional required element here to extend the statute of limitations beyond three years.

Defendant's challenge tests the sufficiency of plaintiff's allegations in the Notice of Claim, not the sufficiency of the evidence that the plaintiff might be able to produce

at trial. *See Baines v. McGough*, 623 A.2d 144, 145 (Me. 1993) ("if the pleading alleges facts that would entitle the plaintiff to relief upon some theory, or if it avers every essential element of recovery" the claim can stand) (citing *Richards v. Soucy*, 610 A.2d 268, 270 (Me. 1992)).

In the case most similar to the present issue, the Law Court stated that allegations of "failure to disclose" are not sufficient to allege fraud, which requires "active concealment." Because it was not alleged, the requirement of M.R. Civ. P. 9(b) has not been met. *Stevens v. Bouchard*, 532 A.2d 1028, 1030 (Me. 1987) (Purchases of real property brought action against seller for breach of warranty of habitability and fraud based on failure to disclose known defect in house.).

## B.     Failure to Disclose as Negligence

Because the notice of claim was not filed until April 24, 1995, any liability for negligence must be based on some act or omission that occurred within the previous three years, i.e., after April 24, 1992.

Defendant's Statement of Material Fact (SMF) #3 states that two or three weeks prior to April 27, 1992 (date of CT Scan), the plaintiff had a conversation with Dr. McCarthy about "problems with infections, and where I still had swelling and stuff, he wanted to be sure and do a CAT Scan and make sure everything was all right." Deposition of Sonja Jordan, August 24, 1993, p.59, lines 1-19.

The plaintiff qualified defendant's SMF #3, that she was only alerted to "infections" and the need for a CAT Scan. This is supported by the same reference to plaintiff's deposition.

By employing the well established rule on summary judgments, all material facts to which there is a dispute are to be resolved in favor of the non-moving party.

4

The court finds that there is a dispute as to material facts concerning the sufficiency and timing of any disclosure within the three years prior to April 24, 1995. Summary judgment must be denied as to negligence.

## II. MARY SHANE AND JOLINE YORK v. ORAL SURGERY ASSOCIATES

Defendants' Motion for Summary Judgment as to these two plaintiffs was filed as an alternative to their Motion to Dismiss which was denied by the court at the time oral argument.

Defendants' motion is primarily based on discovery conducted since the Law Court decision in *Brawn v. Oral Surgery Assoc.*, 2003 ME 11, 819 A.2d 1014. Plaintiffs Shane and York have been deposed. Based on the discovery of additional facts, defendants now assert that there is no factual basis for their claims of negligence within the three years prior to the notice of claim.

### A.    Mary Shane

The record and the parties' statement of material facts establish that Shane underwent a bone scan in November of 1991, and learned of deterioration associated with the implant which was subsequently removed in October of 1994. Her statutory Notice of Claim, 24 M.R.S.A. §§ 2853(1), 2903, was filed December 10, 1997; thus, any act of negligence by defendants must have occurred after December 10, 1994.

In the *Brawn* decision, the Court reiterated that "plaintiffs no longer had a viable claim against the defendants for failing to advise them earlier because the *defendants' duty to warn expired when these plaintiffs became aware of the problem.*" *Brawn*, 2003 ME 11, ¶ 29, 819 A.2d at 1027 (emphasis added). *See also Hatch v. Maine Tank Co., Inc.*, 666 A.2d 90, 94 (Me. 1995) ("no duty to warn of a product danger that is obvious and apparent to an ordinary reasonable person"); and *Lorfano v. Dura Stone Steps, Inc.*, 569 A.2d 195, 197

(Me. 1990) (no duty to warn of the obvious danger posed by the use of steps without a handrail).

The plaintiff would be aware of the problem at least by the time she underwent removal in October 1994, more than three years before the notice of claim.

The defendants are entitled to summary judgment.

**B.    Joline York**

As with Ms. Shane, Joline York's claims are limited to acts of negligence arising within the three years preceeding her Notice of Claim that was also filed on December 10, 1997.

Ms. York's implants were removed on February 11, 1993, well outside the three-year statute of limitations for professional negligence. 24 M.R.S.A. § 2902. For the reasons stated above in the discussion of Ms. Shane's claims, summary judgment is appropriate.

### III. JUDITH SIGURDSSON, LYNETTE AND RALPH THOMPSON, AND LAURA AND MICHAEL VAUGHN v. G.P.R. ROY, P.A. AND G.P.R. RAYNALD ROY, D.D.S.

Plaintiffs Judith Sigurdsson, Lynette Thompson, and Laura Vaughn were all patients of the defendants (collectively, "Roy") and had Vitek implants to replace the meniscus in their temporomandibular joint (TMJ) at various times.  As with other plaintiffs, they experienced problems and have brought claims of product liability (Count I), breach of warranty (Count II), and negligence (Count III).  Ralph Thompson and Michael Vaughn, husbands of plaintiffs, have also brought claims of loss of consortium (Count IV).

Roy asks for dismissal or summary judgment on all counts; but as to claims for product liability, breach of warranty, and loss of consortium he asserts that those claims were not included in the statutory Notice of Claim.  The plaintiffs do not address these

issues in their memorandum in opposition. Further, the court has previously ruled in favor of other defendants in companion cases from Cumberland and Penobscot Counties.[3] There is no reason suggested here why the same ruling ought not to apply: Summary judgment is appropriate for defendant Roy on claims of product liability, breach of warranty, and loss of consortium as to the complaining spouses.

As in the other actions, the plaintiffs have alleged negligence in the failure to warn of known dangers and that Roy fraudulently concealed the damages from plaintiffs that extends the statute of limitations to six years prior to learning of the problem with the implants.

## A.    Judith Sigurdsson

It is agreed that Sigurdsson's Notice of Claim was filed on May 25, 1995, but defendant has not offered additional material facts to support the motion for summary judgment. Defendant's motion is then limited to his general argument that the Notice of Claim does not identify any act of negligence within the previous three years.

The court recognizes the continuing post-operative duty to warn a patient of known dangers of implanted devices. *Brawn*, 2003 ME 11, 819 A.2d at 1023, *Welch v. McCarthy*, 677 A.2d 1066, 1069 (Me. 1996).

As the moving party, Roy has failed to establish that there are no material facts in dispute. Summary judgment must be denied as to Count III on issues of failure to warn and fraudulent concealment.

## B.    Lynette Thompson

Ms. Thompson received the Vitek implants in April of 1983. They were surgically removed in 1987. Approximately two years later, in February 1989, she

---

[3] *See* Order dated August 31, 1999.

received a notice in the mail from the Food and Drug Administration (FDA) that alerted her to possible problems related to the breakdown of the implants. She continued to treat with Dr. Roy until his retirement in April of 1992, and then with other doctors. Her Notice of Claim was filed on July 17, 1995.

When a person learns of a risk associated with her implants, a doctor's continuing duty to warn ceases. *Brawn*, 2003 ME 11, ¶ 29, 819 A.2d at 1027. The February 1989 FDA notice provided that knowledge to plaintiff. The fact that the FDA notice alerted her to "possible problems" is sufficient. This date is outside the six-year period from the date of the Notice of Claim that bars actions based on the expanded statute of limitations for fraudulent concealment.

There is no evidence that plaintiff treated with Dr. Roy after April of 1992. Plaintiff's qualification of defendants Statement of Material Fact #5 states:

> The plaintiff Thompson stated that she had no reason to doubt that [on] April 23, 1992 she was operated on by Dr. Roy and after which time she treated with other doctors. She does not state unequivocally that April 23, 1992 was the last day of treatment with the defendants.

It is not sufficient to show any act or omission by Roy within the three years prior to the Notice of Claim.

Because the duty to warn ceased in February 1989, and there is no evidence of negligence within the three years prior to the Notice of Claim, the defendant is entitled to summary judgment.

## C.    Laura Vaughn

In November of 1983, Dr. Roy performed surgery on Laura Vaughn for the insertion of a Vitek Teflon-Proplast interpositional implant. Subsequently, problems developed for Ms. Vaughn and this action was initiated with a Notice of Claim dated October 16, 1995.

In the interim, Dr. Roy became aware of problems with the Vitek implant and attempted to notify her by mail. In January and February of 1991, he sent written notice to Ms. Vaughn's last known address. The certified letter sent on January 9, 1991, was returned without delivery and the defendant was otherwise unable to contact her at that time.

The record does show that contact with Ms. Vaughn was later re-established. By January of 1993, the plaintiff made an appointment for some extractions and was then advised of problems with the implants. (Deposition of Dr. Roy, November 10, 1998, p.91, lines 5-19)

The plaintiff's Additional Statement of Material Facts asserts that Dr. Roy insisted plaintiff's problems were not related to the implants and that he willfully failed to disclose the information to Ms. Vaughn.

Notwithstanding Dr. Roy's unsuccessful attempts to contact plaintiff in 1991, there are material facts at issue as to the information and advice given to plaintiff in 1993, within the three-year period of the Notice of Claim. The disputed facts go to the reasonableness of Dr. Roy's actions to attempt to locate Ms. Vaughn in 1991, and the sufficiency of the information given her even though his efforts to contact her may counter arguments of fraudulent concealment.

Summary judgment is not appropriate.

## IV. KAHLA GERARD (f/k/a VARIPATIS) v. ORAL SURGERY ASSOCIATES, et al.

Kahla Gerard's[4] claims against Oral Surgery Associates were limited by the Law Court's decision in *Brawn* to claims of negligence occurring within three years of her

---

[4] Kahla Gerard was a plaintiff and party of record in the *Brawn* appeal.

claim. Oral Surgery Associates now asserts that there is "no evidence to support plaintiff's claims of alleged negligence" within that time period.

The plaintiff vigorously objects to the motion alleging material facts in dispute and complains that defendants' motion is an "attempt to delay the judicial process by yet filing another individualized motion for summary judgment," that this issue was decided by the Law Court and is merely an "attempt to revisit history," and that the defendants are "churning the meter" by filing motions that have already been ruled on. This court agrees that the issue here, at least in part, was decided by the Law Court. To the extent it is applicable, this decision reflects the Law Court decision.

The court must note, that even after the Law Court's decision, the parties continue to disagree as to the claims and issues that remain for trial. This is a very protracted litigation, in part by the nature of the claims, the number of parties, cases in several counties, the substantial length of time between the multiple dates of surgical implants, and filing of individual notices of claim, subsequent waiver of the statutory pre-litigation screening procedures, and the consolidation of multiple plaintiffs into a single complaint against their respective oral surgeons. Because of the common nature of the legal claims, the cases from four counties were consolidated, yet each plaintiff brings with them individualized facts which requires the parties and the court to address each claim separately and individually. Each side filed motions to strike or to quash various parts of the pleadings and in several instances agreed to extensions of time.

Given the lack of agreement as to the remaining claims, the court finds that defendant's motion as to Gerard, even if ultimately unsuccessful, is an attempt to further narrow the issues, was not filed in bad faith or in violation of M.R. Civ. P. 11; consequently, attorneys fees requested by plaintiff are not awarded.

In her memorandum opposing summary judgment, plaintiff correctly cites to the special relationship between doctor and patient and the surgeon's continuing duty to warn of later discovered dangers of dental implants. *See Brawn*, 2003 ME 11, ¶ 31, 819 A.2d at 1028) (citing *Welch v. McCarthy*, 677 A.2d 1066, 1069). Plaintiff's counsel also argues that "there are issues as to the fraudulent concealment" regarding Dr. Fairbank's March 1991 letter to plaintiff and that after a 1993 nationwide letter was given to oral surgeons, no further notice was given to Ms. Gerard.

The plaintiff, however, did not address that part of the Law Court's decision that specifically found for defendants as to fraudulent concealment:

> [A]ny fraudulent concealment must occur when the doctor is liable, that is, within the [three year] medical malpractice statute of limitations. *Except for Harrington and Foster, the plaintiffs have not established that the OSA defendants fraudulently concealed their exposure to a claim for a breach of a duty to warn* within three years of the operations, and the court properly entered judgment against all the other plaintiffs [including Gerard] on those claims.

*Brawn*, 2003 ME 11, ¶ 28, 819 A.2d at 1027 (emphasis added). Fraudulent concealment is not an issue as to Gerard.

Plaintiff's reliance on the continuing duty to disclose did not address the elimination of the duty when the risks become known to the patent. *See id.*, ¶ 29, 819 A.2d at 1927, and *Welch*, 677 A.2d at 1069.

The plaintiff underwent her surgical procedure in 1983. Sometime afterwards she experienced some problems. By March 1992, "plaintiff associated some of her physical symptomatology with her [TMJ] implants." Plaintiff's Opposing Statement of Material Facts #3, stated: "Plaintiff associated her physical symptomatology with her [TMJ] implant in, March, 1992." It is supported by the record reference to Gerard's deposition (Ex. 1 to def. SMP, p.106, lines 306, and p. 107, lines 10-15).

The plaintiff's qualified response states that "some" of her symptomatology was associated with her implants. This modification is not supported by the record reference to plaintiff's deposition. (Pl. SMF #3, affidavit of Kahla Gerard dated March 20, 2000). The affidavit related solely to her relationship with Dr. Fairbanks and the information that was or was not given to her.

The caselaw does not define the level of awareness that a person must possess to be aware of the risk of problems from implants, but the record is sufficient to show a sufficient level of knowledge in March of 1992, that defendant's continuing duty to warn ceased at that time.

There is no evidence that the defendants engaged in a negligent act or omission within three years prior to the Notice of Claim. Defendants are entitled to summary judgment.

## V. ORDERS AND JUDGMENTS

For the reasons stated above, the clerk shall make the following entries as the Orders and Judgments of the court:

I.  A.  Defendant Daniel McCarthy's Motion for Summary Judgment as to Sonja Jordan is granted as to the issue of fraudulent concealment.

    B.  Defendant Daniel McCarthy's Motion for Summary Judgment as to Sonja Jordan is denied as to the issue of negligence.

II. A.  Defendant Oral Surgery Associates, P.A., *et als'* Motion for Summary Judgment as to Mary Shane is granted. Judgment is entered for defendants without costs.

    B.  Defendant Oral Surgery Associates, P.A., *et als'* Motion for Summary Judgment as to Joline York is granted. Judgment is entered for defendants without costs.

III. A.  Defendants GP.R. Roy, P.A., and G.P. Raynald Roy, D.D.S.'s Motion for Summary Judgment as to claims by Judith Sigurdsson

for products liability (Count I) and breach of warranty (Count II) is granted.

B. Defendants GP.R. Roy, P.A., and G.P. Raynald Roy, D.D.S.'s Motion for Summary Judgment as to negligence claims (Count III), including fraudulent concealment, by Judith Sigurdsson is denied.

C. Defendants GP.R. Roy, P.A., and G.P. Raynald Roy, D.D.S.'s Motion for Summary Judgment as to all claims by Lynette Thompson is granted. Judgment is entered for defendants without costs.

D. Defendants GP.R. Roy, P.A., and G.P. Raynald Roy, D.D.S.'s Motion for Summary Judgment as to Ralph Thompson for loss of consortium is granted. Judgment is entered for defendants without costs.

E. Defendants GP.R. Roy, P.A., and G.P. Raynald Roy, D.D.S.'s Motion for Summary Judgment as to claims by Laura Vaughn is granted as to products liability (Count I) and breach of warranty (Count II) is granted.

F. Defendants GP.R. Roy, P.A., and G.P. Raynald Roy, D.D.S.'s Motion for Summary Judgment as to negligence claims (Count III) including fraudulent concealment is denied.

G. Defendants GP.R. Roy, P.A., and G.P. Raynald Roy, D.D.S.'s Motion for Summary Judgment as to Michael Vaughn for loss of consortium is granted. Judgment is entered for defendants without costs.

IV. Defendant Oral surgery Associates, P.A., et als' Motion for Summary Judgment as to Kahla Gerard's (F/k/a Varipatis) is granted. Judgment is entered for defendants without costs.

SO ORDERED.

DATED: May 27, 2004

Thomas E. Delahanty II
Justice, Superior Court

13

Date Filed __02-09-99__ __CUMBERLAND__ Docket No. ___CV-99-147___
County

Action __PERSONAL INJURY__

PATRICIA AND STEVE BRAWN- SJ      SJ-PAUL AND LISA MOLNAR -SJ      SUSAN WEIR -SJ
BARBARA AND GERALD CONNELLY-SJ    SJ-GLORIA AND RICHARD NICKERSON  JOLINE YORK -SJ
TAUMI CONOHAN    -SJ              SJ-MICHELE  AND ROBERT SCRIBNER       VS.
PATRICIA FARNUM -SJ              SJ-BONNIE AND TIMOTHY SEAVEY      ORAL SURGERY ASSOC.P
VICKI AND DOUGLAS FORTIER -SJ    SJ-MARY SHANE                    LEWIS N ESTABROOKS D
ELIZABETH AND BRUCE FOSTER -SJ   SJ-BARBARA TRAYNOR               CARLTON E. FAIRBANKS
SANDRA GODDARD;STELLA HARRINGTON-SJSJ-ARLINE AND FREDERICK TRENHOLM          DMD
LISA AND NEWBERN MINER  -SJ      SJ-KAHLA AND EMMANUEL VARIPATIS  RUSSELL J. COLLETT D
                                                          vs.    DAVID J. MOYER DDS,

Plaintiff's Attorney
PHILIP MANCINI, ESQ. 236-8538
247 COMMERCIAL STREET
ROCKPORT, MAINE 04856-5964
DRUMMOND & DRUMMOND
ONE MONUMENT WAY                 CHARLES H. ABBOTT, ESQ
PORTLAND ME 04101                JAMES E. BELLEAU, ESQ.
                                 P.O. BOX 3200
                                 AUBURN, MAINE
                                 04212-3200  (ALL)
                                 784-3200

Defendant's Attorney
JEFFREY EDWARDS, ESQ. (ALL)
PO. BOX 9546  W/D
PORTLAND, MAINE  04112-791=3000

CHRISTOPHER D. NYHAN, ESQ. (ALL)
PO. BOX 11410  W/D
PORTLAND, MAINE  04104-7410
791-3111
CRAIG FONTAINE ESQ (all Except York/Shane)
700 Capitol Place 21 Oak Street
Hartford, CT 06106-8000  CRAMER, ALISSI,
860-493-5726 860-548-1122FONTAINE

Date of Entry

1999

750 MAIN STREET
HARTFORD, CT
06103