Sherrie HAYES, Plaintiff,

v.

LARSEN'S MANUFACTURING
CO., INC., Defendant.

Civ. No. 94–0029–B.

United States District Court,
D. Maine.

Dec. 15, 1994.

William J. Grist Jr., Gloucester, MA, for plaintiff.

Martica S. Douglas, Douglas, Whiting, Denham & Rogers, Portland, ME, for defendant.

### ORDER AND MEMORANDUM OF DECISION

BRODY, District Judge.

On April 29, 1991, Plaintiff Sherrie Hayes, a student at Gardiner Area High School, was seated on the floor against a wall in a school hallway near a fire extinguisher cabinet manufactured by Defendant Larsen's Manufacturing Company ("Larsen's"). Hayes was chatting with her boyfriend when the bell rang announcing the next period. At that point, she stood up to go to class, bumped her head on the bottom of the fire extinguisher cabinet, and sat back down again in pain. She then got up and continued with the school day. Hayes now alleges that this incident has rendered her "seriously and permanently injured, ... and [that she] has and will suffer a great and permanent disability and loss of earning capacity." (Compl. ¶ 10.) Accordingly, Hayes brings claims of negligence, failure to warn, breach of warranty, and strict liability against Larsen's and seeks damages of $5,000,000 on each count. She further seeks punitive damages in the amount of $10,000,000. Larsen's moves for Summary Judgment.

Defendant brings this Motion for Summary Judgment alleging, as a matter of law, that Larsen's is not subject to liability for any injury Hayes may have sustained from contact with its fire extinguisher cabinet.

### I. Summary Judgment

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "A material fact is one which has the 'potential to affect the outcome of the suit under applicable law.'" *FDIC v. Anchor Properties,* 13 F.3d 27, 30 (1st Cir.1994) (quoting *Nereida-*

*Gonzalez v. Tirado–Delgado,* 990 F.2d 701, 703 (1st Cir.1993)). The Court views the record on summary judgment in the light most favorable to the nonmovant. *Id.*

### II. Negligence

Count I of Hayes's complaint alleges that Larsen's breached its duty of due care by "negligently failing to design, manufacture, sell, distribute and/or instruct installers and purchasers of [the product] in such a way as to protect the plaintiff[.]" (Compl. ¶ 9.)

"[S]ummary judgment is seldom sought or granted in negligence actions." Wright, Miller & Kane, 10A *Federal Practice and Procedure* § 2729 (1983). "Nevertheless, it would be wrong to assume that summary judgment is never appropriate in negligence actions." *Id.* "[T]here are some instances in which, even if the facts are as plaintiff asserts them to be, the presence or absence of negligence or contributory negligence can be found as a matter of law and the entry of summary judgment for defendant is proper." *Id.* This case presents that rare instance where the entry of summary judgment is proper in a negligence action.

The Court finds support for its position in the recent Maine Law Court decision of *Lorfano v. Dura Stone Steps, Inc.,* 569 A.2d 195 (Me.1990), in which the court upheld summary judgment for the defendant on a strict liability (failure-to-warn) claim even though "this ground of recovery ... is really nothing more than a *ground of negligence liability.*" *Id.* at 196 (internal quotation omitted) (emphasis added). The Court explained that the case "'resemble[d] a negligence action because the reasonableness of the manufacturer's conduct is the critical issue.'" *Id.* at 196–97 (quoting *Bernier v. Raymark Indus., Inc.,* 516 A.2d 534, 540 (Me.1986)). Similarly, this negligence action brought by Hayes requires this Court to consider one critical issue—"the reasonableness of [Larsen's] conduct." *Id.*

Hayes hurt her head in the following manner. She was seated on the floor of the school hallway talking to her boyfriend "and just waiting for the bell to ring ... to go to

class." (Hayes Dep. at 22.) When the bell rang, Hayes "went to push [her]self up and [she] hit [her] head" on the bottom of the fire extinguisher cabinet. (*Id.* at 20.) Hayes believes she hit the top of her head on a bottom corner of the cabinet. (*Id.* at 21.) Prior to her accident, Hayes had not particularly noticed the fire extinguisher cabinet "at all." (*Id.* at 23.)

While rarely granted, summary judgment is proper, where, "the plaintiff has the burden of proof on an essential element at trial and it is clear that the defendant would have been entitled to a directed verdict at trial if the plaintiff presented no more evidence than was before the court ... on ... summary judgment." *Guiggey v. Bombardier,* 615 A.2d 1169, 1171 (Me.1992) (citing *H.E.P. Development Group, Inc. v. Nelson,* 606 A.2d 774, 775 (Me.1992)). "In order to establish negligence under Maine law, a plaintiff must show (1) a duty owed to plaintiff by defendant; (2) a breach of that duty; and (3) that the breach was the actual and legal cause of plaintiff's injury." *Walker v. General Electric,* 968 F.2d 116, 120 (1st Cir.1992) (citing *Parker v. Harriman,* 516 A.2d 549, 550 (Me. 1986)). Therefore, to escape summary judgment, Hayes has to show that Larsen's would not be entitled to a directed verdict on any of these three prongs—duty, breach, or causation. The Court will address each of these in turn.

 Whether a defendant owes any duty at all is a question of law for the Court to determine. *Trusiani v. Cumberland & York Distributors,* 538 A.2d 258, 261 (Me. 1988). This Court concludes that Larsen's, as a maker of a product which entered the stream of commerce, does in fact owe a duty of care in the design and distribution of the fire extinguisher cabinet, with respect to those who may encounter the product. *See Trusiani,* 538 A.2d at 261–62 (analyzing when a court should or should not impose such a duty).

 Next, the Court considers whether Larsen's would be entitled to a directed verdict on the issue of whether it breached that duty. The duty "in a negligence case ... 'is always the same—to conform to the legal standard of reasonable conduct in the light of the apparent risk.' " *Id.* (quoting W.P. Keeton, *Prosser and Keeton on Torts* § 53 at 359 (5th ed. 1984)). In determining the apparent risk in a negligence action, the Court may consider the evidence, or lack thereof, of other similar injuries with respect to the product in question. Such a lack of "evidence of other similar accidents or occurrences may be relevant circumstantially to show" that the product in question is not defective. *Simon v. Town of Kennenbunkport,* 417 A.2d 982, 984 (Me.1980); *see also Payson v. Bombardier,* 435 A.2d 411, 413 (Me.1981) (such evidence is "relevant on the issues of a defective condition").

About 50,000 fire extinguisher cabinets such as the one in this case have been sold by Larsen's since the 1960s. Of those, "[t]here have been no claims of injuries suffered as a result of a person's head or other body part bumping into or striking a cabinet during the entire history of the product." (Def.'s Stmt. Mat. Facts. ¶ 5.) Accordingly, the Court determines the apparent risk of injury associated with the fire extinguisher cabinet to be very low. Indeed, the risk occasioned by the product is so low, that the Court can hardly imagine a situation in which a potential plaintiff could injure himself without being contributorily negligent to at least some degree.[1]

---

1. Had Larsen's raised the defense of contributory negligence, the entry of summary judgment would have been proper on those grounds. In fact, "the only inference that can reasonably be drawn from [these] facts" is that "[t]here is contributory negligence as a matter of law." *Daniel v. Morency,* 165 Me. 64, 67, 156 Me. 355, 361 (1960) (quoting *Olsen v. Portland Water District,* 107 A.2d 480, 484, 150 Me. 139, 145 (1954)). In *Olsen,* the plaintiff was directing a girl scout troop in an outside yard and stepped backward, tripped on a manhole cover, and injured her elbow. *Olsen,* 107 A.2d at 482, 150 Me. at 141.

The manhole cover was four inches above the ground and "could be plainly seen," but the plaintiff did not notice it until "after she fell." *Id.* at 483, 150 Me. at 143. The Court granted a directed verdict for the Defendant because "[o]ne who steps backward without paying attention to where she is stepping is not in the exercise of due and reasonable care, *as a matter of law.*" *Id.* (emphasis added). Similarly, Hayes pushed herself up into the cabinet she failed to notice, and committed "contributory negligence as a matter of law[.]" *Morency,* 165 A.2d at 67, 156 Me. at

The legal standard of reasonable conduct in this case therefore, is hardly exacting in light of the apparent low risk of injury arising from the fire extinguisher cabinet. This is not a case where a fire extinguisher cabinet's glass shattered and cut Hayes, or where it otherwise broke and hurt her. In those instances the product's design may be called into question to a greater degree than in this case, and a jury may therefore be necessary to determine whether the defendant breached its duty of care. In this case, however, where the threat of danger posed by the fire extinguisher cabinet is that it sticks out from the wall, is hard, and has corners, the Court is comfortable in determining, as a matter of law, that Larsen's did not breach its duty of care. The screening mechanism of summary judgment would be rendered utterly useless by any other result.

Having determined that Larsen's did not breach its duty of care, the Court need not reach the issue of causation. Accordingly, Defendant's Motion for Summary Judgment is granted with respect to Count I of Plaintiff's Complaint.

## II. Duty to Warn

■ Count II of Hayes's complaint asserts that Larsen's had a duty to warn Hayes of the product's "dangerous condition." However, "[i]t is not necessary for the supplier to inform those for whose use the chattel is supplied of a condition which a mere casual looking over will disclose[.]" Restatement (Second) of Torts § 388 cmt. k (1965). In this case, Defendant correctly characterizes the situation: "The condition of which plaintiff complains is obvious." (Def.'s Mem. Supp.Mot.Summ.J. at 6 ("Def.'s Mem.").) *See, e.g., Lorfano v. Dura Stone Steps, Inc.,* 569 A.2d 195, 197 (Me.1990) (upholding summary judgment because the defendant had no duty to warn where "the dangers posed by the use of steps without a handrail are patently obvious and equally apparent to all"); and *Plante v. Hobart Corp.,* 771 F.2d 617, 620 (1st Cir.1985) (stating that "[w]here a danger involved in using a product is obvi-

ous and apparent, discernible by casual inspection, a supplier is not negligent in failing to warn of that danger.... 'If this were not true, a manufacturer could not design and sell a pocket knife, axe, planer or gun.'" (quoting *Ward v. Hobart Manufacturing Co.,* 450 F.2d 1176, 1188 n. 41 (5th Cir.1971)).

Larsen's had "no duty to warn of a danger that [was] obvious and apparent." *Lorfano,* 569 A.2d at 197. Accordingly, the Court finds Hayes's duty-to-warn claim to be without merit. Defendant's Motion for Summary Judgment is granted with respect to Count II of Plaintiff's Complaint.

## III. Breach of Warranty

■ Hayes's Complaint also alleges that Larsen's breached its "express and/or implied warranties of merchantability and fitness for its intended use." (Compl. ¶ 19.) This claim, too, is without merit. As the *Lorfano* court stated, "[t]he implied warranty of merchantability requires that a product be 'fit for the ordinary purposes for which [it is] purchased.'" 569 A.2d at 197 (citation omitted). To prevail, Hayes would need to prove that the fire extinguisher cabinet "'because of defects either did not work properly or [was] unexpectedly harmful.'" *Id.* (citation omitted).

Hayes nowhere alleges that the fire extinguisher cabinet does not work properly. Thus, her complaint focuses on a claim that the product was unexpectedly harmful. It is true that Hayes did not expect to be harmed by the corner of the cabinet. Nor, however, does one expect to cut oneself on a carving knife or shoot oneself in the foot. Yet in neither of those situations should a lawsuit commence. In this case, the cabinet "performed as expected." *Id.* It was Hayes who acted unexpectedly.

Hayes's claim based on a breach of express warranty is also groundless. The Maine Consumer Credit Code provides that there is an "'express, and therefore nondisclaimable, warranty that any consumer goods sold by a merchant are fit for ordinary purposes for which they are used.'" *Guiggey,* 615 A.2d at

361. Had Larsen's raised contributory negligence as required by Fed.R.Civ.P. 8(c), Hayes would not have been able to recover because her

negligence was clearly "equal to or greater than Defendant's[.]" *Everett v. United States,* 717 F.Supp. 917, 926 (D.Me.1989).

1172 (quoting John A. Spanogle, Jr., *Changes in the Present Maine Law Created by the Maine Consumer Credit Code,* 26 Me.L.Rev. 173, 202 (1974)). Hayes makes no allegation that Larsen's made any express representations about the product. The only express warranty on which she could base a claim, therefore, is that imposed by statute. Hayes, however, makes no claim whatsoever that the cabinet was not fit for its ordinary purposes. Accordingly, she has stated no valid claim for breach of express warranty. The Court therefore, grants Defendant's Motion for Summary Judgment with respect to Count III of Plaintiff's Complaint.

### IV. Strict Liability

■ Next, Hayes alleges that the fire extinguisher cabinet was in a defective and unreasonably dangerous condition when it left Larsen's control. Accordingly, Hayes claims that Larsen's should be held strictly liable for her injuries. In Maine, "[t]o determine whether a product is defectively dangerous, we balance the danger presented by the product against its utility." *Guiggey,* 615 A.2d at 1172 (citing *St. Germain v. Husgvarna Corp.,* 544 A.2d 1283, 1285 (Me.1988)). This analysis " 'involve[s] an examination of the utility of the design, the risk of the design and the feasibility of safer alternatives.' " *St. Germain,* 544 A.2d at 1285 (quoting *Stanley v. Schiavi Mobile Homes, Inc.,* 462 A.2d 1144, 1148 (Me.1983)).

First, the utility of the design of the fire extinguisher cabinet is high—it allows the school to store its extinguishers in a readily accessible place without allowing frivolous contact with them. Such a function was crucial at Hayes's school. In fact, "[t]he decision to install cabinets was made in an effort to stop students from taking the extinguishers off the wall and activating them." (Def.'s Mem. at 2.) Second, the risk of the design is extremely low. *See supra* Court's discussion granting Larsen's Motion for Summary Judgment on Hayes's negligence claim, Section II. Finally, Hayes argues that alternative designs could be somewhat safer. A cabinet with rounded edges or brighter colors might well have been more noticeable and therefore safer; but this is also true of round tables, chairs and desks. In light of the utility of the cabinet, and the exceedingly low risk of injury, this Court holds, as a matter of law, that the fire extinguisher cabinet was not defectively designed for the purposes of strict liability. Accordingly, Defendant's Motion for Summary Judgment is granted with respect to Count IV of Plaintiff's Complaint.

### V. Punitive Damages

■ Hayes is also seeking punitive damages in the amount of $10,000,000. It is firmly established that a plaintiff pursuing a claim under Maine law can only recover such damages "if he can prove by clear and convincing evidence that the defendant acted with malice." *Tuttle v. Raymond,* 494 A.2d 1353, 1363 (Me.1985). "[R]eckless conduct alone cannot satisfy the element of malice necessary[.]" *Id.* at 1364. Hayes simply offers no evidence of any reckless, let alone, malicious conduct which would entitle her to any award of punitive damages. Accordingly, Defendant's Motion for Summary Judgment is granted with respect to Count V of Plaintiff's Complaint.

### VI. Conclusion

Defendant's Motion for Summary Judgment is *Granted.*

*SO ORDERED.*