STATE OF MAINE

SUPERIOR COURT
Civil Actions

PATRICIA and STEVE BRAWN, Jun 21
BARBARA and GERALD CONNELLY,
TAUMI CONOHAN,
PATRICIA FARNUM,
VICKI and DOUGLAS FORTIER,
ELIZABETH and BRUCE FOSTER,
SANDRA GODDARD,
STELLA HARRINGTON,
LISA and NEWBERN MINER,
PAUL and LISA MOLNAR,
GLORIA and RICHARD NICKERSON,
MICHELE and ROBERT SCRIBNER,
BONNIE and TIMOTHY SEAVEY,
MARY SHANE,
BARBARA TRAYNOR,
ARLINE and FREDERICK TRENHOLM,
KAHLA and EMMANUEL VARIPATIS,
SUSAN WEIR, and
JOLINE YORK

                    Plaintiffs

            vs.                                    Cumberland County
                                                   Docket No. CV-99-147

ORAL SURGERY ASSOCIATES, *et als*,

                    Defendants
            and

ROBIN DUTIL and RONALD DUTIL, and
SANDRA and RONALD ELLIS,

                    Plaintiffs
            vs.                                    Kennebec County
                                                   Docket No. CV-95-293
JOHN BURNS,
                    , Defendant


                    DECISION AND ORDER
        ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

# I. GENERAL BACKGROUND

Multiple plaintiffs have brought malpractice claims against the defendant Oral Surgery Associates ("OSA")[1] and against individual principals in OSA for their alleged negligent treatment of the plaintiffs. All plaintiffs (except spouses claiming only loss of consortium) are former patients of defendants OSA and were surgical recipients of TMJ implants manufactured by Vitek, Inc..

The defendants have moved for summary judgment as to negligence claims based upon the expiration of the statute of limitations,[2] and secondly, for summary judgment based on the issue of fraudulent concealment which, if established by the

---

[1] The claims by the Dutil and Ellis are against Dr. John Burns, but involve the same legal issues and are discussed and decided herein.

[2] 24 M.R.S.A. § 2902. **Statute of limitations for health care providers and health care practitioners**

Actions for professional negligence shall be commenced within 3 years after the cause of action accrues. For purposes of this section, a cause of action accrues on the date of the act or omission giving rise to the injury. ... This section does not apply where the cause of action is based upon the leaving of a foreign object in the body, in which case the cause of action shall accrue when the plaintiff discovers or reasonably should have discovered the harm. For the purposes of this section, the term "foreign object" does not include a chemical compound, prosthetic aid or object intentionally implanted or permitted to remain in the patient's body as part of the health care or professional services.
* * *

P.L. 1985, c. 804, § 13, eff. Aug. 1, 1988.

Prior to August 1, 1988 section 2902 and certain other time limiting statutes (e.g., 14 M.R.S.A. § 753, applicable to "physicians and all others engaged in the healing art. ... " ) allowed only for a two year statute of limitations from the date that the cause of action accrued. When the longer period was enacted, the Legislature provided that a cause of action that had expired under the two year statute would not be revived but that "the statute of limitations applicable to any suit commenced on or after August 1, 1988, shall be [that]in effect when the claim is filed . . . ." P.L. 1985, c. 804, § 22.

plaintiffs would extend the normal three year period in which medical malpractice claims must be brought. [3]

The implants were manufactured using Proplast, a porous teflon based substance patented by Vitek, Inc.. Based on prior rulings by the court, the plaintiffs' sole remaining claim is for negligence. They argue that OSA breached the applicable standard of medical care in failing to adequately warn them of the dangers and side effects associated with the Vitek implants: That, 1.) OSA had an affirmative duty to monitor, warn and advise them about evolving knowledge of the increasing dangers associated with jaw implants; and, 2.) plaintiffs are entitled to an additional 6 years from discovery of the cause of action pursuant to Maine's fraudulent concealment statute. 14 M.R.S.A. § 859.

Specifically, plaintiffs allege that they were never informed of the effects of the fragmentation of implants in weight-bearing joints. It is further alleged that implant debris (the particulate form of teflon) caused various side-effects such as bone degeneration, bone resorption and giant cell reaction, all contributing to the development of long-term auto-immunological problems.

The Federal Drug Administration ("FDA") issued an Alert dated December 28, 1990 to oral surgeons regarding the safety of Proplast implants and how patients

---

[3] 14 M.R.S.A. § 859. Limitation extended in case of fraud
          If a person, liable to any action mentioned, fraudulently conceals the cause thereof from the person entitled thereto, or if a fraud is committed which entitles any person to an action, the action may be commenced at any time within 6 years after the person entitled thereto discovers that he has a just cause of action, . . .

3

who received the implants should be treated and monitored. Also, in September, 1991, the FDA issued a Public Health Advisory regarding Proplast Implants.

The several plaintiffs were treated by the defendants on many different dates and filed their initial notices of claim[4] at different times. (See Appendix A, attached hereto for a summary of dates relevant to the plaintiffs against whom the present motions are applicable.)

## II. DUTY TO WARN

OSA argues that they did not have a duty to warn of a medical risk that is alleged to have been known by plaintiffs. It is not disputed that OSA warned plaintiffs of the risk of "rejection," of the Proplast implants. However, a genuine issue of material fact exists as to whether plaintiffs were made aware of the specific auto-immunological risks and/or side effects involved with receiving the Proplast implants.[5] Plaintiffs argue that material factual issues are present demonstrating that QSA failed in their continuing duty to warn, monitor and advise plaintiffs regarding the fragmentation and efficacy of the Proplast implants.[6] Plaintiffs further

---

[4] There is no court record that plaintiff Patricia Brawn ever filed a Notice of Claim pursuant to 24 M.R.S.A. § 2853.

[5] It should be noted that plaintiffs have failed to comply with Rule 7(d)(2) in that they do not properly controvert OSA's Statement of Material Facts. Moreover, in their Opposition Memorandums to the first Motion for Summary Judgment, plaintiffs blindly argue that § 859 should be employed to extend the statute of limitations an additional six years. There is no reference to filing dates concerning the Notice of Claims or to the implantation and/or removal of the implants. Additionally, there is not an application of the elements of fraud in support of the allegation of fraudulent concealment.

[6] Dr. Estabrooks, of OSA, has served as an expert witness on behalf of Vitek, Inc. attesting to the safety of the Proplast implants.

claim that the alleged violation of the continuing duty to warn, monitor and advise plaintiffs effectively tolled the statute of limitations up to the point that litigation was commenced.

The Law Court employs a 3-prong standard in medical malpractice actions for purposes of establishing that the defendant had a duty to the plaintiff to conform to a certain standard of conduct and that a breach of that duty proximately caused the plaintiff's injury. Expert testimony is ordinarily required to establish the appropriate standard of medical care, that the defendant departed from that standard, and that the plaintiff's injury was proximately cased by the negligent conduct. *Welch v. McCarthy*, 677 A.2d 1066, 1069 (Me. 1996).

A person who undertakes to render services in the practice of a profession owes a duty to exercise that degree of skill, care and diligence exercised by members of that same profession. *Id.* at 1069. Additionally, the Law Court recognized in *Millet v. Dumais* "that the relationship between physician and patient is one of great confidence and trust, thus imposing a duty to disclose all pertinent facts to the patient . . . and that the fraudulent concealment contemplated by Title 14 M.R.S.A. §859 is the failure to disclose specific acts, which, if known, might give rise to a cause of action for malpractice." *Millet v. Dumais*, 365 A.2d 1038, 1041 (Me. 1976).

Here, plaintiffs two experts, Ronald Green and Dr. David Keith, collectively set forth the appropriate standard of medical care, that OSA owed a duty to plaintiffs to disclose specific auto-immunological side effects to plaintiffs, and that OSA's breach was the proximate cause of plaintiffs' injuries. There is a material issue of

5

fact regarding whether OSA breached the required professional standard of care by failing to adequately warn, monitor and advise plaintiffs with respect to the safety risks associated with the Proplast implants. Ordinarily this would defeat a request for summary judgment. However, if plaintiffs' actions were not timely initiated, their claims fail regardless of the factual issues.

## III. STATUTE OF LIMITATIONS

For purposes of computing the statute of limitations in accordance with Title 24 M.R.S.A. § 2902, the court has used the date of implantation as the date of accrual of plaintiffs' cause of action. Under section 2902 a cause of action accrues on the date of the act or omission giving rise to the injury. Since the Proplast implants are prosthetic aids, plaintiffs do not receive the benefit of the discovery rule concerning foreign objects left in the body. *Id.* Also, plaintiffs allege that they were not adequately warned by any implied consent form regarding the possibility of fragmentation of the implants prior to surgery; therefore, any cause of action for medical malpractice would have accrued on the date of each plaintiff's respective implant surgery, in the absence of a continuous treatment rule. This makes all of plaintiffs' negligence claims barred by the three year statute of limitations.

## IV. FRAUDULENT CONCEALMENT

In order for the plaintiffs to claim the benefit of Title 14 M.R.S.A. §859, a plaintiff must establish either: 1.) that defendants actively concealed material facts from her and that she relied on their acts and statements to her detriment; or, 2.) that a special relationship existed between the parties that imposed a duty to disclose

6

the cause of action and the failure of the defendant to honor that duty. *Harkness v. Fitzgerald*, 1997 ME 207, ¶ 6, 701 A.2d 370. The elements of fraud are: 1.) the making of a false representation; 2.) of a material fact; 3.) with knowledge of its falsity or in reckless disregard of whether it is true or false; 4.) for the purposes of inducing another to act upon it; and 5.) justifiable and detrimental reliance by the other. *Id.* at ¶ 7.

Here, the existence of the doctor-patient relationship permits plaintiffs' claims to come under the purview of section 859. To withstand summary judgment, however, plaintiffs must generate a genuine issue of material fact that OSA had actual knowledge of the effects of the fragmentation of the Proplast implants and that OSA intended to conceal the various safety hazards associated with their use. Plaintiffs allege that OSA had a pecuniary interest in Proplast implants that was the motivation behind fraudulently concealing plaintiffs' cause of action.

To resist a motion for summary judgment a plaintiff must establish a prima facie case for each element of his cause of action. *Corey v. Norman, Hanson, and DeTroy*, 1999 ME 196, ¶9, 742 A.2d 933, 938. In determining whether to grant or deny a motion for summary judgment, the trial court is to consider only the portions of the record referred to and the material facts set forth in the Rule 7(d) statements. The statement of material facts requirement of Rule 7(d) is designed to force litigants to narrowly frame their summary judgment contentions, enabling the court to decide a summary judgment motion without engaging in an exhaustive review of the record. *Id.* at ¶ 8, 742 A.2d at 938.

In their opposition to OSA's Partial Motion for Summary Judgment, plaintiffs fail to adequately controvert the material fact that OSA intended to induce the reliance of plaintiffs in receiving the Proplast implants. OSA did notify and/or attempt to notify plaintiffs concerning their condition and the Proplast implants. Plaintiffs fail to show in the record before the court that OSA intended to induce the reliance of plaintiffs just because they testified to their beliefs in the success and quality of the Proplast implant and authored an article supporting the product. Moreover, plaintiffs' contentions that OSA had a relationship with Dr. Homsey, the former President of Vitek, Inc. and that Dr. Estabrooks was an expert witness and testified on behalf of the safety of the Proplast implants are not sufficient to establish a *prima facie* case of fraudulent concealment. It wasn't until 1990 that the FDA issued a precautionary alert to oral surgeons concerning the Proplast implants. If anything, the record points to controversy surrounding the safety of the implants, but does not establish that OSA knew that the implants were unsafe to use at the time plaintiffs received the implants. Therefore, plaintiffs fail to establish intent on behalf of OSA to fraudulently conceal plaintiffs' cause of action. Because the plaintiffs cannot obtain the benefit of the longer period under section 859 the court must grant defendants' motions for summary judgment.

## V. DECISION

The clerk will make the following entries as the Orders of the court:

A. The defendants' motions for summary judgment are granted.

B. Summary judgment is entered against the following plaintiffs:

8

1. <u>Cumberland County</u> (CV-99-147): Patricia Brawn and Steve Brawn, Barbara Connelly and Gerald Connelly, Taumi Conohan, Patricia Farnum, Vicki Fortier and Douglas Fortier, Elizabeth Foster and Bruce Foster, Sandra Goddard, Stella Harrington, Lisa Miner and Newbern Miner, Paul Molnar and Lisa Molnar, Gloria Nickerson and Richard Nickerson, Michele Scribner and Robert Scribner, Bonnie Seavey and Timothy Seavey, Mary Shane, Barbara Traynor, Arline Trenholm and Frederick Trenholm, Kahla Varipatis and Emmanuel Varipatis, Susan Weir, and Joline York; and,

2. <u>Kennebec County</u> (CV-95-293): Robin Dutil and Sandra Ellis.[7]

C. Pursuant to M.R.Civ.P. 54(a), the court finds that there is no just reason for delay and directs the clerk to this Decision and Order as a final judgment as to all the parties named above.

D. No costs are awarded to any party pursuant to statute or rule.

SO ORDERED.

Dated: June 20 2001

Thomas E. Delahanty II
Justice, Superior Court

---

[7] Although the claims of Dutil and Ellis are against a different doctor, they are still barred by the statute of limitations because of the dates of the implant procedures.

9

## APPENDIX - A

| PLAINTIFF | IMPLANT DATE | NOTICE OF CLAIM DATE | REMOVAL DATE | S.O.L. | MOTION |
|---|---|---|---|---|---|
| BRAWN | 5/14/85 | 8/20/98 -not filed with court | 10/2/95 | Expired | N & FC |
| CONNELLY | 12/20/83 | 5/3/93 | 4/26/93 | Expired | FC |
| CONOHAN | 3/15/84 | 5/3/93 | 10/26/93 | Expired | FC |
| DUTIL | 6/27/84 | 7/10/95 | 3/3/92 | Expired | N |
| ELLIS | 7/17/85 & 10/8/85 (L-replaced) | 7/31/95 | N/A | Expired | N |
| FARNUM | 3/20/85 | 2/10/94 | 1/30/95 | Expired | FC |
| FORTIER | 12/6/84 | 6/19/95 | 4/26/89 | Expired | N &FC |
| FOSTER | 3/16/88 | 5/12/94 | 12/23/92 | Expired | FC |
| GODDARD | 8/16/83 (L) and 3/19/91 (L-vitallium fossa) | 4/30/93 | 5/2/90 | Expired | FC |
| HARRINGTON | 1/14/87 | 5/24/95 | 7/30/87 | Expired | N& FC |
| MINER | 4/5/83 | 5/3/93 | 11/12/92 (Temp. Replace) and/or N/A | Expired | FC |
| MOLNAR | 2/27/86 (B) & 4/8/93 (L metal fossa) | 3/11/98 | 1/7/92 (B) & 1/9/97 (L) | Expired | N & FC |
| NICKERSON | 3/7/85 | 2/10/94 | 5/19/94 | Expired | FC |
| SCRIBNER | 2/25/86 | 8/5/94 | 2/26/98 | Expired | FC |
| SEAVEY | 2/25/85 | 5/3/93 | 5/13/92 | Expired | FC |

| | | | | | |
|---|---|---|---|---|---|
| SHANE | 10/13/83 | 12/10/97 | | Expired | FC |
| TRAYNOR | 12/12/85 | 9/16/94 | 5/26/94 | Expired | FC |
| TRENHOLM | 11/20/84 | 5/3/93 | 1/31/86 | Expired | N & FC |
| VARIPATIS | 12/6/83 | 6/19/95 | 6/17/92 | Expired | FC |
| WEIR | 8/29/85 (R) & 7/1/86 (L) | 2/10/94 | N/A | Expired | N & FC |
| YORK | 12/30/86 | 12/10/97 | 2/11/93 | Expired | FC |
| | | | | | |
| | | | | | |

---

8      The dates listed in the Appendix are based on information furnished by defendants with their motions.  The plaintiffs did not submit contradictory dates as to when the plaintiffs received the Proplast implants and/or had them removed.

Dates for the notice sof claim were determined from court records.

STATE OF MAINE                                    SUPERIOR COURT
                                                  Civil Actions


PATRICIA and STEVE BRAWN,
VICKI and DOUGLAS FORTIER,
PAUL and LISA MOLNAR,
ARLINE and FREDERICK TRENHOLM,
and SUSAN WEIR,
                        Plaintiffs
            vs.                                   Cumberland County
                                                  Docket No. CV-99-147


ORAL SURGERY ASSOCIATES, *et als,*

                        Defendants


            and


ROBIN DUTIL and RONALD DUTIL, and
SANDRA and RONALD ELLIS,


                        Plaintiffs
            vs.                                   Kennebec County
                                                  Docket No. CV-95-293
JOHN BURNS,
                        Defendant


                        DECISION AND ORDER
            ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
                        (Re: Statute of Limitations) 1

---

1 The court's decision on issues of fraudulent concealment is contained in a separate written
decision.

# I. GENERAL BACKGROUND

Multiple plaintiffs[2] have brought malpractice claims against the defendant Oral Surgery Associates ("OSA")[3] and against individual principals in OSA for their alleged negligent treatment of the plaintiffs. All plaintiffs (except spouses claiming only loss of consortium) are former patients of defendants Oral Surgery Associates (OSA) and were surgical recipients of TMJ implants manufactured by Vitek, Inc..

The defendants have moved for summary judgment as to negligence claims based upon the expiration of the statute of limitations.[4]

---

[2] The present Order pertains only to those plaintiffs listed in the heading. This Decision and Order is intended as a supplement to the separate Decision and Order of June 20, 2001 which pertains to these plaintiffs as well as others.

[3] The claims by the Dutil and Ellis are against Dr. John Burns, but involve the same legal issues and are discussed and decided herein.

[4] **24 M.R.S.A. § 2902. Statute of limitations for health care providers and health care practitioners**

Actions for professional negligence shall be commenced within 3 years after the cause of action accrues. For purposes of this section, a cause of action accrues on the date of the act or omission giving rise to the injury. . . . This section does not apply where the cause of action is based upon the leaving of a foreign object in the body, in which case the cause of action shall accrue when the plaintiff discovers or reasonably should have discovered the harm. For the purposes of this section, the term "foreign object" does not include a chemical compound, prosthetic aid or object intentionally implanted or permitted to remain in the patient's body as part of the health care or professional services.
        * * *

P.L. 1985, c. 804, § 13, eff. Aug. 1, 1988.

Prior to August 1, 1988 section 2902 and certain other time limiting statutes (e.g., 14 M.R.S.A. § 753, applicable to "physicians and all others engaged in the healing art. . . . " ) allowed only for a two year statute of limitations from the date that the cause of action accrued. When the longer period was enacted, the Legislature provided that a cause of action that had expired under the two year statute would not be revived but that "the statute of limitations applicable to any suit commenced on or after August 1, 1988, shall be [that] in effect when the claim is filed . . . ." P.L. 1985, c. 804, § 22.

The implants were manufactured using Proplast, a porous teflon based substance patented by Vitek, Inc.. Based on prior rulings by the court, the plaintiffs' sole remaining claim is for negligence. Plaintiffs claim that OSA breached the applicable standard of medical care by failing to adequately warn them of the dangers and side effects associated with the Vitek implants: That is, OSA had an affirmative duty to monitor, warn and advise them about evolving knowledge of the increasing dangers associated with jaw implants.

The Federal Drug Administration ("FDA") issued an Alert dated December 28, 1990 to oral surgeons regarding the safety of Proplast implants and how patients who received the implants should be treated and monitored. Also, in September, 1991, the FDA issued a Public Health Advisory regarding Proplast Implants.

The several plaintiffs were treated by the defendants on many different dates and filed their initial notices of claim at different times.

## II. DUTY TO WARN

OSA argues that they did not have a duty to warn of a medical risk that is alleged to have been known by plaintiffs. It is not disputed that OSA warned plaintiffs of the risk of "rejection," of the Proplast implants. However, a genuine issue of material fact exists as to whether plaintiffs were made aware of the specific auto-immunological risks and/or side effects involved with receiving the Proplast implants.[5] Plaintiffs argue that material factual issues are present demonstrating

---

[5] It should be noted that despite the unusually long Statement of Material Facts submitted by plaintiffs, they have failed to comply with Rule 7(d)(2) in that they do not properly directly controverted OSA's Statement of Material Facts. Their own statement in opposition contains many facts not relevant to the present issues.

3

that OSA failed in their continuing duty to warn, monitor and advise plaintiffs regarding the fragmentation and efficacy of the Proplast implants.[6] Plaintiffs further claim that the alleged violation of the continuing duty to warn, monitor and advise plaintiffs effectively tolled the statute of limitations up to the point that litigation was commenced.

The Law Court employs a 3-prong standard in medical malpractice actions for purposes of establishing that the defendant had a duty to the plaintiff to conform to a certain standard of conduct and that a breach of that duty proximately caused the plaintiff's injury. Expert testimony is ordinarily required to establish the appropriate standard of medical care, that the defendant departed from that standard, and that the plaintiff's injury was proximately cased by the negligent conduct. *Welch v. McCarthy*, 677 A.2d 1066, 1069 (Me. 1996).

A person who undertakes to render services in the practice of a profession owes a duty to exercise that degree of skill, care and diligence exercised by members of that same profession. *Id.* at 1069. Additionally, the Law Court recognized in *Millet v. Dumais* "that the relationship between physician and patient is one of great confidence and trust, thus imposing a duty to disclose all pertinent facts to the patient . . . ." *Millet v. Dumais*, 365 A.2d 1038, 1041 (Me. 1976).

---

6    Dr. Estabrooks, of OSA, has served as an expert witness on behalf of Vitek, Inc. attesting to the safety of the Proplast implants.

4

## III. STATUTE OF LIMITATIONS

For purposes of computing the statute of limitations in accordance with Title 24 M.R.S.A. § 2902, the court looks at the date of implantation as the date of accrual of plaintiffs' cause of action. Under section 2902 a cause of action accrues on the date of the act or omission giving rise to the injury. Since the Proplast implants are prosthetic aids, plaintiffs do not receive the benefit of the discovery rule concerning foreign objects left in the body. But plaintiffs claim a continuing duty on the part of defendants and the court agrees. *See,Welch v. McCarthy*, 677 A.2d 1066, 1069 (Me. 1996); however, the duty to warn or disclose problems expires when the claimant becomes aware of a problem. *Hatch v. Maine Tank Co., Inc.*, 666 A.2d 90, 93 (Me. 1995 ( (No duty to warn of a danger that is obvious and apparent) and Lorfano *v. Dura Stone Steps, Inc., et al.*, 569 A.2d 195, 197.

The defendants have alleged in their several Statements of Material Facts that after the implant procedures were completed, the plaintiffs were informed by defendants that problems had developed with Vitek implants and that the FDA had issued warnings directly to the plaintiffs. At various times the plaintiffs began experiencing problems of their own. It is from this time that the court applies the applicable statute of limitations to each plaintiff on an individual basis.

## IV. INDIVIDUAL PLAINTIFFS

**A. Patricia Brawn:**

Implant surgery was performed on Patricia Brawn on May 14, 1985. In the late 1980's she received a letter from Dr. Estabrooks that problems had developed with

the Vitek implant and she also received similar information from the FDA after Dr. Estabrooks letter. (Defendant. SMF ¶ 3). In 1990 or 1991 she began to experience problems of tenderness, swelling and pain and believed that the implants were causing the problems. (Defendant. SMF ¶ 4). In March, 1995 she was examined by Dr. M. A. Lawrence, D.D.S., who concluded that her problems were associated with the implants. (Defendant. SMF ¶ 5). Apparently a Notice of Claim was generated on behalf of Patricia Brawn on or about August 28, 1995 for a professional negligence malpractice action but was never filed with the court until July 25, 2000, well beyond the time required by 24 M.R.S.A. § 2853 (1)(A). Timely filing of the Notice of Claim is a jurisdictional predicate to maintaining the present action.

The plaintiffs have not directly controverted the defendant's statements as required. The court therefore accepts the defendants' statements as admitted. M.R. Civ. P. 7(d)(2). *See Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, 742 A.2d 933.

The plaintiffs only asserted that Dr. Estabrooks did not tell Ms. Brawn that the implant could fragment, discuss the problems in detail and did not advise her to undergo certain treatments or procedures. (Pl. SMF ¶¶ 9, 10 and 13). They do not address the issue that Ms. Brawn had knowledge of the problems.

By applying the three year statute of limitations to the 1980's, 1990- 1991 or March, 1995, the plaintiff did not initiate either her Notice of Claim or this action within the statute of limitations. Defendants' motion must be granted.

## B. Robin Dutil

Implant surgery was performed on Robin Dutil on June 24, 1984. In October, 1991 she received a safety alert letter from the FDA about a recall on Vitek implants, at a time that she was having pain. (Def. SMF ¶ 2). At about the same time she was personally advised of implant problems by Dr. Burns who recommended that the implants be removed. (Def. SMF ¶ 4). The removal was done in March, 1992. (Def. SMF ¶ 7). She began to investigate products liability claims against other defendants in 1992 (Def. SMF ¶ 6), and in 1995 brought a products liability claim against Dr. Burns on January 19, 1995 which claim was subsequently dismissed. (Def. SMF ¶ 8). Her Notice of Claim for the present action was filed July 10, 1995

The plaintiffs have not directly controverted the defendant's material facts as required. The court therefore accepts the defendants' statements as admitted. M.R. Civ. P. 7(d)(2). *See Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, 742 A.2d 933.

The plaintiffs only asserted that Dr. Burns did not tell Ms. Dutil that the implant could fragment, discuss the problems in detail nor that he advised her to undergo certain treatments or procedures elsewhere. (Pl. SMF ¶¶ 9, 10 and 13). The plaintiffs' Statement of Material Facts ignores Ms. Dutil's own knowledge of the circumstances and the fact that she underwent a removal of the implants.

By applying the three year statute of limitations to the period 1990 through 1992, when it is more than clear that she was aware of the problem with the implants, or even to March, 1995, when she had certain knowledge of the product defects and resulting problems, the plaintiff did not initiate either her Notice of

7

Claim or this complaint within the statute of limitations. Defendants' motion must be granted.

## C. Sandra Ellis

Implant surgery was performed on Sandra Ellis on July 17-A M.R.S.A. §-A M.R.S.A. §-A M.R.S.A. § and October 8, 1985. In October, 1991 she received a safety alert letter from the FDA about a recall on Vitek implants. (Def. SMF ¶ 2). Shortly afterwards, in early November, 1991, she was advised by letter from Dr. Burns of implant problems. (Def. SMF ¶ 4). Tomograms were then taken which revealed bone degeneration causing her to believe that the implants were at fault. (Def. SMF ¶ 5). In 1992 she began to investigate products liability claims against other defendants (Def. SMF ¶ 6), and in 1995 brought a products liability claim against Dr. Burns which claim was subsequently dismissed. (Def. SMF ¶ 8). Her Notice of Claim for the present action was filed July 31, 1995.

The plaintiffs have not directly controverted the defendant's material facts as required. The court therefore accepts the defendants' statements as admitted. M.R. Civ. P. 7(d)(2). *See Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, 742 A.2d 933.

The plaintiffs only asserted that Dr. Burns did not tell Ms. Ellis that the implant could fragment, discuss the problems in detail nor that he advised her to undergo certain treatments or procedures elsewhere. (Pl. SMF ¶¶ 9, 10 and 13). The plaintiffs' Statement of Material Facts ignores Ms. Ellis' own knowledge of the circumstances and the fact that she pursued other claims for the same condition and problems that form the basis of this action.

8

By applying the three year statute of limitations to the period 1990 through 1992, when it is more than clear that she was aware of the problem with the implants, the plaintiff did not initiate either her Notice of Claim or this complaint within the statute of limitations. Defendants' motion must be granted.

**D. Vickie Fortier**

Implant surgery was performed on Vickie Fortier on December 6, 1984. In early 1989 Ms. Fortier was experiencing pain in her TMJ and felt it may be related to the Vitek implant. She consulted with Dr. Estabrooks and was told that the implant may be breaking down. (Def. SMF ¶ 2). The implants were removed on April 26, 1989. (Def. SMF ¶ 3). Later in 1989 Dr. Estabrooks informed Ms. Fortier that the Vitek implants had been taken off the market. (Def. SMF ¶ 4). In March, 1991 she received notification from the FDA about the high failure rate of the implants leading to injuries of patients. (Def. SMF ¶ 5).

Shortly afterwards pursued products liability claims against another defendant and actually received a settlement. (Def. SMF ¶ 6). Her Notice of Claim for the present action was filed June 19, 1995

The plaintiffs have not directly controverted the defendant's material facts as required. The court therefore accepts the defendants' statements as admitted. M.R. Civ. P. 7(d)(2). *See Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, 742 A.2d 933.

The plaintiffs only asserted that Dr. Fairbanks did not tell Ms. Fortier that the implant could fragment, discuss the problems in detail nor that he advised her to undergo certain treatments or procedures elsewhere. (Pl. SMF ¶¶ 9, 10 and 13). The

plaintiffs' Statement of Material Facts ignores Ms. Fortier's own knowledge of the circumstances and the fact that she underwent a removal of the implants and made other claims based on problems caused by the implants.

## E. Paul Molnar

Implant surgery was performed on Paul Molnar on February 27, 1986 and April 8, 1993. In the summer of 1991 he received a notice from the FDA that the some TMJ Implants were breaking down and causing health problems to recipients. (Def. SMF ¶ 2). Mr. Molnar discussed the FDA warning with Dr. Fairbanks and a decision was made to remove the implants which was done in January, 1992. (Def. SMF ¶¶ 3,4 and 5). Mr. Molnar's Notice of Claim was not filed until March 11, 1998.

The plaintiff has not directly controverted the defendants' statements as required. The court therefore accepts the defendants' statements as admitted. M.R. Civ. P. 7(d)(2). *See Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, 742 A.2d 933.

The plaintiffs only asserted that Dr. Fairbanks did not tell Mr. Molnar that the implant could fragment, discuss the problems in detail and did not advise him to undergo certain treatments or procedures. (Pl. SMF ¶¶ 9, 10 and 13). They do not address the issue that Mr. Molnar had knowledge of the problems beginning in 1991.

By applying the three year statute of limitations to the period of 1991 to early 1992, the plaintiff did not initiate either his Notice of Claim or this action within the statute of limitations. Defendants' motion must be grant

10

## E. Arline Trenholm

Implant surgery was performed on Arline Trenholm on November 20, 1984. Ms. Trenholm is a nurse and was aware that her body might reject the implant. (Def. SMF ¶ 2). On January 31, 1986 her implant was removed. (Def. SMF ¶ 3). Prior to May, 1990 she received a notice from the FDA that there were problems with some Vitek implants. At some point she also received a letter from the OSA defendants, but she was a;ready aware of the problems attributed to the Vitek implants. Ms. Trenholm's Notice of Claim was not filed until May 3, 1993.

The plaintiff has not directly controverted the defendants' statements as required. The court therefore accepts the defendants' statements as admitted. M.R. Civ. P. 7(d)(2). *See Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, 742 A.2d 933.

The plaintiffs only asserted that Dr. Fairbanks did not tell Ms. Trenholm that the implant could fragment, discuss the problems in detail and did not advise her to undergo certain treatments or procedures. (Pl. SMF ¶¶ 9, 10 and 13). They do not address the issue that Mr. Molnar had knowledge of the problems as early as 1986 when the implants were removed.

By applying the three year statute of limitations to the period from 1986 through 1991, the plaintiff did not initiate either her Notice of Claim or this action within the statute of limitations. Defendants' motion must be granted.

## F. Susan Weir

Implant surgery was performed on Susan Weir on August 29, 1985 and July 1, 1986. Prior to the implant surgery the risk of rejection was explained to Ms. Weir

and she elected to proceed. (Def. SMF ¶¶ 2 and 3). In late 1989 she received notification from the FDA about defects with the Vitek implants. (Def. SMF ¶ 4). From receipt of the FDA notice through 1993 when she retained legal counsel, Ms. Weir did not seek medical attention or advice concerning her jaw of the implant. (Def. SMF ¶ 5). Her implants have not been removed. (Def. SMF ¶ 6). Her Notice of Claim in this case was filed on February 10, 1994.

The plaintiffs have not directly controverted the defendant's material facts as required. The court therefore accepts the defendants' statements as admitted. M.R. Civ. P. 7(d)(2). *See Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, 742 A.2d 933.

The plaintiffs only asserted that Dr. Fairbanks did not tell Ms. Fortier that the implant could fragment, discuss the problems in detail nor that he advised her to undergo certain treatments or procedures elsewhere. (Pl. SMF ¶¶ 9, 10 and 13). The plaintiffs' Statement of Material Facts ignores Ms. Weir's own knowledge of the circumstances from the time that she received the FDA notice. The defendants' motion must be granted.

## V. DECISION

The clerk will make the following entries as the Orders of the court:

A. The defendants' motions for summary judgment are granted.

B. Summary judgment is entered against the following plaintiffs:

    1. <u>Cumberland County (CV-99-147)</u>: Patricia Brawn and Steve Brawn, Vicki Fortier and Douglas Fortier, Paul Molnar and Lisa Molnar, Arline Trenholm and Frederick Trenholm, Susan Weir; and,

12

2. <u>Kennebec County</u> (CV-95-293): Robin Dutil and Sandra Ellis.[7]

C. This Order is subject to the court's decision on the Motions for Summary Judgment based on plaintiffs' claims of fraudulent concealment which is decided separately.

C. Pursuant to M.R.Civ.P. 54(a), the court finds that there is no just reason for delay and directs the clerk to this Decision and Order as a final judgment as to all the parties named above.

D. No costs are awarded to any party pursuant to statute or rule.

SO ORDERED.

Dated: June 21, 2001

Thomas E. Delahanty II
Justice, Superior Court

---

7 Although the claims of Dutil and Ellis are against a different doctor, they are still barred by the statute of limitations because of the dates of the implant procedures.

13

Date Filed __2/9/99__ _____Kennebec_____ Docket No. __CV95-293__

County

Action ___Med malpractice___

**SPECIAL ASSIGNMENT**
**THE HON. THOMAS E. DELAHANTY,II**

Sandra Ellis   Ronald Ellis
Robin and Ronald Dutil          vs.   John Burns DDS

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Philip P. Mancini Esq<br>247 Commercial St<br>Rockport  Me  04856 | -Jeffrey T Edwards,Esq. (filed 5/24/99)<br> One City Ctr.<br> PO Box 9546<br> Portland  Me  04112<br><br>-Craig A Fontaine Esq<br> 700 Capitol Place<br> 21 Oak St<br> Hartford Ct  06106 |

| Date of<br>Entry | | | -Charles Abbott, Esq.  (local counsel)<br>PO Box 3200 Auburn Maine  04212 |

| Date of Entry | |
|---|---|
| 2/9/99 | Complaint and jury trial demand filed.  s/Mancini,Esq.  s/Briggs,III,Esq  s/Cloutier,Esq.<br>PT scheduling statement mailed to Atty. |
| 3/12/99 | Letter regarding the filing of a mandamus action filed.  s/Robbin,AAG |
| 3/12/99 | Acknowledgement of receipt of summons and complaint filed. |
| 3/16/99 | Defendants motion for severance of claims of each plaintiff from the claims of all other plaintiffs filed.  s/Fontaine,Esq.<br>Notice of time in which to reply to defendants motion filed.  s/Fontain,Esq. s/Edwards,Esq.<br>Request for hearing filed.  s/Fontaine,Esq.   s/Edwards,Esq.<br>Proposed order filed.<br>Certificate of service filed. |
| 3/26/99 | Plaintiffs objection to defendants motion for severance of claim and memorandum of law filed.  s/Mancini Esq |
| 3/29/99 | Motion to stay proceedings filed.  s/Fontaine,Esq.  s/Edwards,Esq.<br>Request for hearing filed.  s/Fontaine,Esq  s/Edwards,Esq.<br>Proposed order filed.<br>Notice of time in which to reply to defendants motion filed.  s/Fontaine, Esq  s/Edwards,Esq. |
| 3/31/99 | Application to Clerk for Default with Affidavit, filed. s/Mancini, Esq. |
| 4/1/99 | DEFAULT ENTERED AGAINST JOHN BURNS DDS. S/Desjardin, Clerk.<br>Copies mailed to attys of record. |
| 4/2/99 | Motion to Strike Application to Clerk for Default and/or Motion to Strike Default, filed. s/Fontaine, Esq.  s/Edwards, Esq.<br>Notice of Time in Which to Reply to Defendants'Motion, filed. s/Fontaine, Esq.  s/Edwards, Esq.<br>Request for Hearing, filed. s/Fontaine, Esq.  s/Edwards, Esq.<br>Proposed Order, filed.<br>Certification, filed. s/Fontaine, Esq. |